IN THE FEDERAL DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

RECEIVED
2006 JUN 30 A 11:30

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| MARY JONES and;<br>JOSEPH ALFORD<br><br>Plaintiffs,<br><br>HOUSTON COUNTY, ALABAMA;<br>HOUSTON COUNTY COMMISSION;<br>MARK CULVER individually and in his<br>official capacity as Chairman of Houston County<br>Commission; LAMAR GLOVER individually and in his<br>official capacity as Sheriff of Houston County, Alabama;<br>HOUSTON COUNTY SHERIFF'S DEPARTMENT;<br>MICHAEL CAPSHAW individually and in his official capacity<br>as Houston County Sheriff's Deputy; THOMAS FLATHMANN<br>individually and in his official capacity; and FICTITIOUS<br>DEFENDANTS "A", "B", "C", "D", "E", "F", "G", "H", "I",<br>"J", "K", AND "L" individually and in their official capacity<br>as Deputy Sheriffs of Houston County Sheriffs Department<br>whose names are unknown at this time to Plaintiffs but will be<br>added by amendment when ascertained.<br><br>Defendants. | Case No.: 1:06CV585-DRB<br><br>JURY DEMAND |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

I

### NATURE OF CASE

1. This civil action is for actual, compensatory and punitive damages arising from the conduct of Defendants and the violation of the Plaintiffs' civil and constitutional rights not to be subjected to unreasonable and injurious searches and to enforce the procedural protections guaranteed by the Fourth, Sixth, and Fourteenth Amendments of the Constitution of the United States and in violation of the Constitution of

Alabama.

## II

## JURISDICTION

2. The jurisdiction of this Court is invoked under Title 28 of the United States Code, Sections 1331, 1343(a)(3); this suit being authorized by Title 42 of the United States Code, Sections 1981 and 1983. Further, the attorneys fees, as demanded herein, are authorized and entitled pursuant to Title 42 Section 1988 (b) of the United States Code.

## III

## PARTIES

3. Plaintiff Mary Jones, at all times material hereto, was a citizen of the United States of America and a resident of Houston County, Alabama and is over the age of nineteen.

4. Plaintiff Joseph Alford, at all times material hereto, was a citizen of the United States of America and a resident of Houston County, Alabama and is over the age of nineteen.

5. Defendant Michael Capshaw, hereinafter referred to as "Defendant Capshaw", at all times material hereto, was duly appointed and employed by the Houston County, Alabama Sheriff's Department, under the direct supervision of Sheriff Lamar Glover. At all times, herein mentioned, was acting in such capacity as the agent, servant, and employee of the Houston County, Alabama Sheriff's Department, and was acting under color of law, to wit: under color of the statutes, ordinances, regulations, policies, customs and usage of the State of Alabama and/or Houston

County, Alabama Sheriff's Department. He is a resident of the State of Alabama and is over the age of nineteen (19) years. He is being sued in his individual and official capacity.

6. Defendant Houston County Sheriff's Department (hereinafter referred to as "Sheriff's Department") is a force of law officers operating in the Twentieth Judicial Circuit of the State of Alabama, and at all times relevant hereto, employed Lamar Glover, Michael Capshaw and the other officers of the Sheriff's Department who are unknown to Plaintiffs at this time and are nominated herein as "Fictitious Defendants "A" through "L".

7. Defendant Lamar Glover, hereinafter referred to as "Defendant Glover", at all times material hereto, was duly employed by the Houston County, Alabama Sheriff's Department. At all times, herein mentioned, was acting in such capacity as the agent, servant, and employee of the Houston County, Alabama Sheriff's Department, and was acting under color of law, to wit: under color of the statutes, ordinances, regulations, policies, customs and usage of the State of Alabama and/or Houston County, Alabama Sheriff's Department. He is a resident of the State of Alabama and is over the age of nineteen (19) years. He is being sued in his individual and official capacity.

8. Defendant Mark Culver, hereinafter referred to as "Defendant Culver", was at all times material hereto, and for purposes mentioned herein, employed by the Houston County Commission as Chairman of the Houston County Commission. He is a resident of the State of Alabama and is over the age of nineteen. He is being sued in his individual and official capacity.

9. Defendant Thomas Flathmann, hereinafter referred to as "Defendant Flathmann", was at all times material hereto, and for purposes mentioned herein, employed by the Houston County Commission as Chairman of the Houston County Commission. He is a resident of the State of Alabama and is over the age of nineteen. He is being sued in his individual and official capacity.

10. Fictitious Defendants "A", "B", "C", "D", "E", "F", "G", "H", "I", "J", "K", and "L" are unknown to Plaintiffs at this time but will be added by amendment when ascertained. Further, Fictitious Defendants are believed to be over the age of nineteen, deputies, officers, or other persons acting under color of authority in conjunction with or for the Houston County Alabama Sheriff's Department and at all times material hereto believed to be residents of the State of Alabama and under the direct supervision of Defendant Lamar Glover, Sheriff of Houston County, Alabama and, further, employed by Defendant Houston County, Alabama Sheriff's Department.

## IV

## FACTUAL ALLEGATIONS

11. On or about January 18, 2006 Defendant Glover, Fictitious Defendants, Defendant Capshaw, Defendant Flathmann, and Defendant Houston County Sheriff's Department, while acting under color of authority, did enter, remain, and destruct Plaintiffs' residence and harass, assault or offend Plaintiffs by intentionally entering Plaintiffs' residence on or about the late evening hours of January 18, 2006 or early morning hours of January 19, 2006 with the intent to alarm, harass, or offend Plaintiffs by conducting a search of Plaintiffs' residence, outbuilding(s), and

automobile(s) by using excessive force, intimidation, and / or harassment.

12. Defendant Glover, Defendant Capshaw, Fictitious Defendants, Defendant Flathmann, and Defendant Houston County Sheriff's Department did, with intent to harass, offend, intimidate, and / or invoke fear or apprehension of Plaintiffs' safety and peaceful enjoyment of their home, forcefully and abruptly enter Plaintiffs' residence under presumed authority of a specious search warrant which fails to entitle Defendant Glover, Defendant Capshaw, Defendant Flathmann, Fictitious Defendants, and Defendant Houston County Sheriff's Department to use excessive force, assault and battery, and racial expletives in carrying out the purpose of the search warrant, moreover, the search warrant fails to authorize the destruction of personal and real property.(Please see "Warrant" attached hereto as Plaintiffs' Exhibit "1").

13. Defendant Glover, Defendant Capshaw, Defendant Flathmann, Fictitious Defendants, and Defendant Houston County Sheriff's Department destructed Plaintiffs' personal property by crashing, destroying, or otherwise demolishing the interior of Plaintiffs' residence, Plaintiffs' automobile(s), and Plaintiffs' outbuilding. (Please see photographs attached hereto as Plaintiffs' Exhibit "2").

14. Defendant Glover, Defendant Capshaw, Defendant Flathmann, Fictitious Defendants and Defendant Houston County Sheriff's Department, while acting under color of authority and during the commission of their acts of verbal and physical abuse of Plaintiffs, passionately exclaimed expletives of an offensive and racial nature, to wit: calling Plaintiffs "niggers" and physically assaulting Plaintiffs during their rampage of Plaintiffs' residence.

15. Defendant Glover, Defendant Capshaw, Defendant Flathmann, Fictitious Defendants and Defendant Houston County Sheriff's Department did perform a destructive search of the real and personal property belonging to Plaintiffs and forcefully assault Plaintiffs by pushing, touching, or otherwise physically handling Plaintiffs in an offensive manner to such extent that Plaintiff Mary Jones was required to be transported to a local hospital for medical treatment of hyperventilation syndrome, panic, and / or heart malfunction caused directly by the acts or omissions of the Defendants. (Please see Discharge Instructions, Southeast Alabama Medical Center, and attached hereto as "Plaintiff's Exhibit 3").

16. At sometime on or about the evening hours or early morning hours of the dates previously stated herein Defendant Glover, Defendant Capshaw, Defendant Flathmann, Fictitious Defendants, and Defendant Houston County Sheriff's Department forcefully entered the dwelling of Plaintiffs' and abruptly and roughly awakened Plaintiffs at gunpoint in Plaintiffs' bedroom. The Plaintiffs estimate that there were approximately 10 officers in their home and surrounding grounds outside.

17. Said search did not produce any incriminating evidence against Plaintiffs nor did the unlawful search produce any person or thing for which the Defendants were searching.

18. Plaintiffs' home, automobile(s), outbuilding(s), and surrounding area was left in complete disarray and their personal and real property destructed. The contents of the Plaintiffs' home were strewed all over the house as well the contents of Plaintiffs' outbuilding. Further, the interior of Plaintiffs' home and outbuilding were destructed to such extent as to cause Plaintiffs significant expense to repair and replace the

personal property and interior portions of their home and outbuilding. Further, Plaintiffs' automobile(s) were damaged, destroyed, and / or destructed to such extent as to require Plaintiffs significant expense to repair.

19. At all times material hereto Defendant Capshaw, Defendant Flathmann, Fictitious Defendants, Defendant Houston County Sheriff's Department were under the supervision of Defendant Glover.

20. At all times material hereto Defendant Capshaw, Defendant Glover, Defendant Flathmann, and Fictitious Defendants were employed by Defendant Houston County Sheriff's Department.

V

## CAUSES OF ACTION

### CLAIMS AGAINST DEFENDANT CAPSHAW, FICTITIOUS DEFENDANTS, DEFENDANT GLOVER, DEFENDANT HOUSTON COUNTY SHERIFF'S DEPARTMENT

A. **Federal Claims: Violation of the Fourth Amendment:**

#### EXCESSIVE FORCE

21. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set out herein.

22. Defendant Glover, Defendant Capshaw, Defendant Flathmann, Fictitious Defendants, and Defendant Houston County Sheriff's Department involved in the search of Plaintiffs' property did intentionally and without just and legal cause, exceed and / or abuse their privileged authority by assaulting and battering the Plaintiffs using excessive force, unreasonable force, and / or unskillfulness in affecting the search and carrying out their ministerial duties. Any force used against the Plaintiffs was

unreasonable because the situation did not call for unreasonable or deadly force.

23. As a proximate cause of the Defendant Glover, Defendant Capshaw, Defendant Flathmann, Fictitious Defendants, and Defendant Houston County Sheriff's Department intentional, unskilled, malicious, and careless actions or omissions, carried out without legal cause, the Plaintiffs' rights were violated under the laws of the State of Alabama and the Constitution of the United States, in particular the Fourth Amendment of the Constitution of the United States of America and their rights under the Constitution of the State of Alabama to be secure in their persons, property, and home from unreasonable searches.

24. In assaulting, harassing, and battering the Plaintiffs, Defendant Capshsaw, Defendant Flathmann, Fictitious Defendants, Defendant Glover, and Defendant Houston County Sheriff's Department violated any reasonable measure of discretionary function in carrying out the enforcement of the search warrant.

25. As a direct and proximate result of the above described intentional, unlawful, unskilled, and malicious acts or omissions of Defendant Glover, Defendant Capshaw, Defendant Flathmann, Fictitious Defendants, and Defendant Houston County Sheriff's Department, which were committed under the color of their authority, and while acting in such capacity, the Plaintiffs suffered grievous bodily harm and severe pain and extreme emotional distress, all of which is in violation of their rights under the laws and the Constitution of the United States and in particular the Fourth and Fourteenth Amendments thereof and 42 U.S.C. § 1981 and 1983.

26. The Plaintiffs were the victims of punishment administered in a grossly disproportionate manner by Defendant Glover, Defendant Capshaw, Defendant

Flathmann, Fictitious Defendants, and Defendant Houston County Sheriff's Department to whatever the Defendants might have accused them of. These acts of the Defendant Glover, Defendant Capshaw, Defendant Flathmann, Fictitious Defendants, and Defendant Houston County Sheriff's Department constituted cruel and unusual punishment and deprived the Plaintiffs of their right to due process of the law under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendment thereof. The assault and battery upon the Plaintiffs by Defendant Glover, Defendant Capshaw, Fictitious Defendants, and Defendant Houston County Sheriff's Department was unwarranted, cruel, unjustifiable, and excessive. There was no possible reason for these defendants to use any force, much less the excessive forced that was used, against the Plaintiffs.

27. As a further result of the above described acts, by Defendant Glover, Defendant Capshaw, Defendant Flathmann, Fictitious Defendants, and Defendant Houston County Sheriff's Department Plaintiffs were deprived of rights and immunities provided to them under the Constitution and laws of the United States and the State of Alabama including, but not limited to, their rights under the Fourth and Fourteenth Amendments to be secure in their person, to be free from punishment without due process, and to equal protection of the laws of the United States of America.

28. As of November 9, 2001, it was clearly established in this circuit that it is unconstitutional for law enforcement officers to violate:

(a)   A persons Fourth Amendment right which guarantees everyone the right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, Graham v. Connor, 490 U.S. 386 (1989);

(b) A persons liberty against a persons Fourth Amendment right to be protected against being falsely imprisoned by government officials, Graham v. Connor, 490 U.S. 386 (1989);

(c) Law enforcement officers having a good faith and reasonable belief in the validity of the search warrant may nonetheless incur liability under 42 USC § 1983… if the search warrant is executed in an unreasonable manner… Duncan v. Barnes, 592 F 2d 1336 (5th Cir. 1979).

(d) Police investigative activities are "government programs" under the Americans with Disabilities Act, but only when the circumstances surrounding the activity is "secure" and there is no threat to human safety. Americans with Disabilities Act of 1990, § 12132; Gorman v. Bartch, 152 F3d 907 (C.A. 8 1998); McCray v. City of Dothan, 169 F. Supp. 2d 1260 (M.D. Ala. 2001).

**WHEREFORE** Plaintiffs demand judgment against these Defendants in an amount deemed reasonable by a jury and in excess of the minimum jurisdictional limits of this Honorable Court for compensatory, actual, and punitive damages, plus attorneys fees and costs associated with the litigation and prosecution of the above styled cause of action.

**B. State Law Claims**

## FALSE IMPRISONMENT

29. Defendant Glover, Defendant Capshaw, Defendant Flathmann, Fictitious Defendants, and Defendant Houston County Sheriff's Department did unlawfully detain the Plaintiffs and, with excessive force, caused the Plaintiffs to go where they did not wish to go, and against the Plaintiff's Constitutional right to be informed of the nature and cause of the accusation against them, secured by the Sixth and Fourteenth

Amendments to the Constitution of the United States, prevented the Plaintiffs from moving, and placed the Plaintiffs in a position where they could not exercise their will, or go any where they might lawfully go. Plaintiffs were not under arrest nor were Plaintiffs suspected of any enumerated offense. Moreover, Plaintiffs were not the subject of any search warrant.

30. After entry into the home by Defendant Glover, Defendant Capshaw, Defendant Flathmann, Fictitious Defendants, and Defendant Houston County Sheriff's Department, neither of the Plaintiffs attempted to escape, and were in fear or apprehension of their safety to such degree that Plaintiffs were captivated by the officers intimidation. Defendant Glover, Defendant Capshaw, Defendant Flathmann, Fictitious Defendants, and Defendant Houston County Sheriff's Department unskillfully, did not inform the Plaintiffs of their rights before assaulting and battering them or before maintaining custody and control of Plaintiffs' free movement.

31. The Plaintiffs were deprived of life, liberty, or property without due process of law, and the right to equal protection of the law, secured by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States.

**WHEREFORE** Plaintiffs demand judgment against these Defendants in an amount deemed reasonable by a jury and in excess of the minimum jurisdictional limits of this Honorable Court for compensatory, actual, and punitive damages, plus attorneys fees and costs associated with the litigation and prosecution of the above styled cause of action.

## ASSAULT AND BATTERY

32. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set out herein.

33. Defendant Glover, Defendant Capshaw, Defendant Flathmann, Fictitious Defendants, and Defendant Houston County Sheriff's Department, while acting under presumed color of authority, assaulted and battered the Plaintiffs by unlawfully and forcefully pushing, shoving, or otherwise offensively touching and while holding Plaintiffs at gunpoint placing Plaintiffs in fear and apprehension of their lives, in anger and in a hostile manner, causing Plaintiffs to suffer emotional distress, pain and suffering, and future pain and suffering,

34. As a proximate result of Defendant Glover, Defendant Capshaw, Defendant Flathmann, Fictitious Defendants, and Defendant Houston County Sheriff's Department said assault and battery, Plaintiffs were caused to suffer injuries of emotional distress, pain and suffering, future pain and suffering, and specifically causing Plaintiff Jones to required transport to a local hospital for medical treatment of heart malfunction, panic, and / or hyperventilation syndrome.

35. As a proximate result of Defendant Glover, Defendant Capshaw, Defendant Flathmann, Fictitious Defendants, and Defendant Houston County Sheriff's Department said intentional assault and battery, Plaintiffs were caused to suffer fear and apprehension, emotional distress, and pain and suffering.

36. Plaintiffs claim punitive damages due to the willful, intentional, oppressive, and / or malicious nature of Defendant Glover, Defendant Capshaw, Defendant Flathmann, Fictitious Defendants, and Defendant Houston County Sheriff's

      Department unreasonable, unskilled, and / or unlawful acts and / or omissions for the emotional distress, and fear for their lives.

**WHEREFORE** Plaintiffs demand judgment against these Defendants in an amount deemed reasonable by a jury and in excess of the minimum jurisdictional limits of this Honorable Court for compensatory, actual, and punitive damages, plus attorneys fees and costs associated with the litigation and prosecution of the above styled cause of action.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set out herein.

38. On or about January 18, 2006, while acting under presumed color of authority, Defendant Glover, Defendant Capshaw, Defendant Flathmann, Fictitious Defendants, and Defendant Houston County Sheriff's Department intentionally, maliciously, oppressively, unskillfully, and / or recklessly caused Plaintiffs to suffer severe emotional distress by inflicting physical pain and suffering, placing Plaintiffs in fear or apprehension of their safety and lives by abruptly waking and holding Plaintiffs at gunpoint, holding Plaintiff's against their will and depriving Plaintiffs of their lawful rights and freedom, physically assaulting Plaintiffs, and subjecting Plaintiffs to unwarranted invasion of their privacy and security within their residence, and directing unwarranted offensive racial expletives as against Plaintiffs.

39. Defendant Glover, Defendant Capshaw, Defendant Flathmann, Fictitious Defendants, and Defendant Houston County Sheriff's Department said actions toward Plaintiffs were so outrageous in character, and so extreme in degree as to

go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.

40. The emotional distress that Defendants caused Plaintiff to suffer was so severe that no reasonable person could be expected to endure it.

41. As a direct and proximate result of Defendants acts and or omissions Plaintiffs claims punitive damages.

**WHEREFORE**, Plaintiffs demand compensatory, actual, and punitive damages against Defendants in an amount in excess of the minimum jurisdictional limits of this Honorable Court and deemed reasonable by a jury, plus costs and reasonable attorneys fees associated with the litigation and prosecution of the above styled cause of action..

**RESPECTFULLY SUBMITTED** this the 2nd day of June 2006.

_____  _____
Mary Jones, Plaintiff                              Joesph Alford, Plaintiff

STATE OF ALABAMA             )
____Houston____ COUNTY )
Personally appeared before me, the undersigned and Notary Public in and for the State of ALABAMA at Large, **MARY JONES**, being by me and first duly sworn, does depose and says that the facts as contained in the above Verified Complaint are true and correct.
SUBSCRIBED AND SWORN TO before me this 2nd day of June 2006.
_____
Notary Public
My Commission Expires: 9/19/08


STATE OF ALABAMA             )
____Houston____ COUNTY )
Personally appeared before me, the undersigned and Notary Public in and for the State of ALABAMA at Large, **JOSEPH ALFORD**, being by me and first duly sworn, does depose and says that the facts in the above Verified Complaint are true and correct.
SUBSCRIBED AND SWORN TO before me this 2nd day of June 2006.
_____
Notary Public
My Commission Expires: 9/19/08

_/s/ Richard H. Ramsey, IV_
Richard H. Ramsey, IV. (RAM010)
Co-Counsel for Plaintiffs
P.O. Box 6595
Dothan, Alabama 36302
(334) 792-2553
RHRamsey@peoplepc.com

_/s/ Michael Guy Holton_
Michael Guy Holton (HOL106)
Co-Counsel for Plaintiffs
2779 Old Carter Hill Road
Pike Road, Alabama 36064
(334) 288-2435
gholtonattorney@direcway.com