IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARY JONES and JOSEPH ALFORD,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.: 1:06-cv-585-WHA** |
| ) | |
| **HOUSTON COUNTY SHERIFF'S** ) | |
| **DEPARTMENT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MOTION TO QUASH INSUFFICIENT SERVICE OF PROCESS
## AND MOTION TO DISMISS

COMES NOW, Deputy Thomas Flathmann, in the above-styled cause, pursuant to Federal Rules Civil Procedure 12, and in response to the Summons of this Court dated June 6, 2006, that was purportedly served by certified mail upon former Deputy Thomas Flathmann and shows unto the Court as follows:

1.     Plaintiff's complaint is due to be dismissed for insufficiency of service of process as Thomas Flathmann has not been served with plaintiff's complaint.

2.     Plaintiff's complaint is due to be dismissed for lack of jurisdiction over the person as no service of process has been had with regard to Thomas Flathmann

3.     That the attempted service of process on former Deputy Thomas Flathmann was insufficient, improper and invalid and as a result this Court by law does not currently have proper

1

jurisdiction over said Defendant.

4. Thomas Flathmann no longer works for the Sheriff's office and is last reported to have taken a job with Movie Gallery outside the state of Alabama.

5. That Plaintiff's purported service of process upon Thomas Flathmann, was sent in care of the Houston County Sheriff's Department and was signed for by C. Dawkins on July 7, 2006. C. Dawkins has never been authorized by appointment or by law to receive service of process for former Deputy Thomas Flathmann.

6. That Plaintiff's purported service of process upon Thomas Flathmann, individually was not served upon Thomas Flathmann by delivery to him personally, the summons and complaint were not left at Thomas Flathmann's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein nor was the summons and complaint delivered to an agent authorized by appointment or by law to receive service of process. Service upon Thomas Flathmann, individually, was attempted by sending the summons and complaint by certified mail to the Houston County Sheriff's office where he is no longer employed, which was signed for by C. Dawkins, a clerk who was not authorized in any manner to receive service of process on behalf of Thomas Flathmann, individually. It was several days before Sheriff Glover learned that a summons and complaint had been signed for by C. Dawkins.

WHEREFORE, Defendant Thomas Flathmann respectfully requests this Court to dismiss this case or in the alternative, quash the insufficient service of process and require the plaintiffs to perfect service of process upon Thomas Flathmann.

Dated this 31st day of July, 2006.

Respectfully submitted,

**s/Gary C. Sherrer**
Gary C. Sherrer
Bar Number: SHE016
Attorney for Defendant

OF COUNSEL

Sherrer, Jones & Terry, P.C.
335 West Main Street
Dothan, Alabama 36301
Phone: (334) 678-0100
Fax: (334) 678-0900
E-mail: gary@sjt-law.com

## CERTIFICATE OF SERVICE

I, Gary C. Sherrer, hereby certify that on this 31st day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard H. Ramsey, IV, Esq.
P.O. Box 6595
Dothan, Alabama 36302

Michael Guy Holton, Esq.
2779 Old Carter Hill Road
Pike Road, Alabama 36064

Kendrick E. Webb, Esq.
Webb & Eley, P.C.
P.O. Box 240909
Montgomery, Alabama 36124-0909

**s/Gary C. Sherrer**
OF COUNSEL