IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY JONES and JOSEPH ALFORD, | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO.: 1:06-cv-585-WHA |
| HOUSTON COUNTY SHERIFF'S DEPARTMENT, et al., | ) |
| Defendants. | ) |

## AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Mark S. Culver** who is the Chairman of the Houston County Commission, who being by me first duly sworn, deposes and says as follows:

My name is Mark Culver, and I am over the age of nineteen (19) years and a resident of Houston County, Alabama.

I am presently employed by Houston County, Alabama, and serve as the Chairman of the Houston County Commission. I have held the office of Chairman of the Houston County Commission since I was sworn in for said office on Friday, May 9, 1997 and before then, since first taking office in January 1987, I was the County Commissioner representing District 4 of Houston

MARK S. CULVER - AFFIDAVIT                                                                 PAGE 1



County, Alabama.

As the Chairman of the Houston County Commission, I am aware of the duties and responsibilities of Houston County, Alabama, the Houston County Commission and the individual Commissioners and have personal knowledge of all County Commission meetings, and any and all legislative policies and decisions made as a result of any such meetings.

The Houston County Commission has no authority to hire, fire, train, supervise, or discipline any employee of the Houston County Sheriff in his department or in the Houston County Jail. Likewise, County Commissioners Curtis Harvey, Phillip L. Forrester, Frances M. Cook, Bobby R. Snellgrove and Mark S. Culver, (herein referred to collectively as the "Commission" or individually as "individual Commissioner") do not have any authority to hire, fire, train, supervise, or discipline any employee of the Houston County Sheriff in his department or in the Houston County Jail.

In my official capacity as Chairman of the Houston County Commission, I do not have authority to hire, fire, train, supervise, or discipline any employee of the Houston County Sheriff in his department or in the Houston County Jail.

Individually, as Chairman of the Houston County Commission, I do not have authority to hire, fire, train, supervise, or discipline any employee of the Houston County Sheriff in his department or in the Houston County Jail.

I have not individually or in my official capacity as Chairman of the Houston County Commission and I know of no instance in which the Commission or any individual Commissioner has ever established or attempted to establish any policy, procedure, custom, or practice for the employees of the Sheriff of Houston County or the Houston County Jail. Neither I, the Houston

County Commission nor any individual Commissioner have any legal authority to do so. Although Houston County is required by state law to pay the salaries of the Sheriff, his deputies and corrections officers, the authority to pay said salaries is mandated by the Alabama legislature and minimum salary requirements are stipulated.

I have not individually and have not in my official capacity as Chairman of the Houston County Commission, set standards or requirements for the training and education of the Sheriff, his deputies, corrections officers, jail medical staff or other employees. The Sheriff of Houston County, Alabama, has complete authority and control to hire, fire, and define the standards and qualifications of each of his deputies, corrections officers and staff without the consent and/or approval of myself, the Houston County Commission or the individual Commissioners.

Neither the Houston County Commission nor any individual Commissioner set standards or requirements for the training and education of the Sheriff, his deputies, corrections officers or jail medical staff.

Neither the Houston County Commission nor any individual Commissioner has actual or legal authority to establish policies and procedures for the Sheriff. Furthermore, neither the Houston County Commission nor any individual Commissioner has authority to promulgate work rules for the Houston County Sheriff or his employees, and have no knowledge of the day-to-day operations and activities in which the Sheriff or his jail employees engage.

Neither I nor Houston County, nor the Houston County Commission nor any individual Commissioner, has ultimate control and authority over the deputies, corrections officers and other employees of the Sheriff's office. The Sheriff appoints, directs and controls the deputies, corrections

officers and other employees of his office. Neither I nor the Houston County Commission nor any individual Commissioner has authority to hire, fire, train or manage the Sheriff's employees including but not limited to deputies, process servers, corrections officers and support staff.

Neither I nor the Houston County Commission nor any individual Commissioner performs, nor do we have any duties with respect to the daily operations of the Houston County Sheriff's Office and we have no authority to dictate how the Sheriff runs his office. The Houston County Sheriff is responsible for administering his overall budget appropriated to the Sheriff by the County Commission and its Commissioners in their legislative capacity, in the exercise of their local legislative discretion and as required by state law.

MARK S. CULVER

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **Mark S. Culver**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 3RD day of August, 2006.

NOTARY PUBLIC
My Commission Expires: 12-9-08