IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY JONES and JOSEPH ALFORD, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:06-cv-585-WHA |
| | ) |
| HOUSTON COUNTY SHERIFF'S | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## BRIEF OF HOUSTON COUNTY, ALABAMA, HOUSTON COUNTY COMMISSION AND MARK CULVER, INDIVIDUALLY AND AS CHAIRMAN OF THE HOUSTON COUNTY COMMISSION IN SUPPORT OF THEIR MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

COMES NOW the Defendants, Houston County, Alabama, the Houston County Commission and Mark S. Culver, individually and in his official capacity as Chairman of the Houston County Commission, (hereinafter referred to collectively as the "Defendants"), in the above-styled cause, and submits the following legal authority and argument in support of the Defendants' Motion to Dismiss or in the Alternative for Summary Judgment ("the Motion"), filed simultaneously herewith:

# INTRODUCTION

The following brief and argument is submitted to the Court by the Defendants in support of said Defendants' Motion to Dismiss or in the Alternative for Summary Judgment. The Motion is directed to all claims filed and alleged by the Plaintiffs in the above-styled case. Summary judgment may be granted if there are no genuine issues as to any material facts, Federal Rules of Civil Procedure, Rule 56. However, once a party has moved for summary judgment as a matter of law the burden of production shifts to the non-moving party (the Plaintiffs in this case) and the Plaintiffs must designate "specific facts showing that there is a genuine issue for trial." *See* Celotex Corp. v Cattrett, 477 U.S. 317, 91 L.Ed. 2d. 265 (1986). In meeting this burden the Plaintiffs or non-moving party "must do more than simply show that there is a meta physical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U. S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). When this Court applies the applicable law to the pleadings and the undisputed facts of this case, the Defendants are entitled to summary judgment as a matter of law.

# STATEMENT OF FACTS

The affidavit of the Chairman of the Houston County Commission, Mark Culver, presents the following statement of facts. The affidavit of Mark Culver is attached hereto as Exhibit "A" and is incorporated herein by reference as if fully set forth.

The Houston County Commission has no authority to hire, fire, train, supervise, or discipline any employee of the Houston County Sheriff in his department or in the Houston County Jail. Likewise, County Commissioners Curtis Harvey, Phillip L. Forrester, Frances M. Cook, Bobby R.

Snellgrove and Mark S. Culver, in their official or individual capacities (herein referred to collectively as the "Commission" or individually as "individual Commissioner") do not have any authority to hire, fire, train, supervise, or discipline any employee of the Houston County Sheriff in his department or in the Houston County Jail.

In Mark S. Culver's ("Culver") official capacity as Chairman of the Houston County Commission, he does not have authority to hire, fire, train, supervise, or discipline any employee of the Houston County Sheriff in his department or in the Houston County Jail.

Individually, Culver does not have authority to hire, fire, train, supervise, or discipline any employee of the Houston County Sheriff in his department or in the Houston County Jail.

Culver has not individually or in his official capacity as Chairman of the Houston County Commission and Culver knows of no instance in which the Commission or any individual Commissioner has ever established or attempted to establish any policy, procedure, custom, or practice for the employees of the Sheriff of Houston County or the Houston County Jail. Neither Culver, the Houston County Commission nor any individual Commissioner have any legal authority to do so. Although Houston County is required by state law to pay the salaries of the Sheriff, his deputies and corrections officers, the authority to pay said salaries is mandated by the Alabama legislature and minimum salary requirements are stipulated.

Culver has not individually and has not in his official capacity as Chairman of the Houston County Commission set standards or requirements for the training and education of the Sheriff, his deputies, corrections officers, jail medical staff or other employees. The Sheriff of Houston County, Alabama, has complete authority and control to hire, fire, and define the standards and qualifications of each of his deputies, corrections officers and staff without the consent and/or approval of Culver,

the Houston County Commission or the individual Commissioners.

Neither the Houston County Commission nor any individual Commissioner set standards or requirements for the training and education of the Sheriff, his deputies, corrections officers or jail medical staff.

Neither the Houston County Commission nor any individual Commissioner has actual or legal authority to establish policies and procedures for the Sheriff. Furthermore, neither the Houston County Commission nor any individual Commissioner has authority to promulgate work rules for the Houston County Sheriff or his employees, and have no knowledge of the day-to-day operations and activities in which the Sheriff or his jail employees engage.

Neither Culver nor Houston County, nor the Houston County Commission nor any individual Commissioner, have ultimate control and authority over the deputies, corrections officers and other employees of the Sheriff's office. The Sheriff appoints, directs and controls the deputies, corrections officers and other employees of his office. Neither Culver nor the Houston County Commission nor any individual Commissioner have authority to hire, fire, train or manage the Sheriff's employees including but not limited to deputies, process servers, corrections officers and support staff.

Neither Culver nor the Houston County Commission nor any individual Commissioner performs, nor do they have any duties with respect to the daily operations of the Houston County Sheriff's Office and they have no authority to dictate how the Sheriff runs his office. The Houston County Sheriff is responsible for administering his overall budget appropriated to the Sheriff by the County Commission and its Commissioners in their legislative capacity, in the exercise of their local legislative discretion and as required by state law.

# ARGUMENT

I.    **WITH REGARD TO THE STATE LAW AND FEDERAL LAW CLAIMS ASSERTED BY PLAINTIFFS, THE DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT IS DUE TO BE GRANTED AS SHERIFF'S AND THEIR DEPUTIES ARE STATE OFFICERS NOT COUNTY EMPLOYEES.**

Section 1983 provides a remedy for violations of the federal law committed, under color of state law, by "persons." In the large majority of § 1983 cases, including all cases involving misconduct by local officials, the only potential defendants are the officials themselves, sued in their individual capacity. In Monell v. Department of Social Servs., 436 U.S. 658 (1978), the Supreme Court of the United States held that cities and counties are also "persons" within the meaning of § 1983, and thus may be held liable for *their* violations of the Constitution or federal law - i.e., for violations that occur pursuant to an official municipal policy or custom. Such policy or custom, the Court added, may be created by the local government's legislators or "by those whose edicts or acts may fairly be said to represent official policy." 436 U.S. at 694.

Since Monell, the Supreme Court has held that the determination of whether a local government may be held liable for the actions of a given official turns on *state* law. *See* McMillian v. Monroe County, Alabama, 138 L. Ed.2d 1, 520 U.S. 781, 117 S. Ct. 1734 (1987), Jett v. Dallas Indep. School Dist, 491 U.S. 701, 737 (1989); City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988).

Alabama, like all other states, has both a system of state government and a system of county government. *Ala. Code* § 11-1-1. Unlike in some states, however, Alabama counties do not have "home rule" powers and are restricted to performing relatively narrow functions expressly delegated

to them by state law. These functions primarily involve construction and maintenance of the county road system, a county courthouse, and a county jail. *Ala. Code* §§ 11-1-1, 11-3-10, 11-3-11, 11-14-10. The United States Supreme Court has recognized that the "principal function" of county commissions in Alabama is "to supervise and control the maintenance, repair, and construction of county roads." Presley v. Etowah County Comm'n, 112 S. Ct. 820, 824 (1992) (citing *Ala. Code* §§ 11-3-1 and 11-3-10). There is no statute authorizing counties to engage in law enforcement and there is no statute placing a duty upon counties to engage in law enforcement.

Alabama counties are delegated no control over sheriffs. The Alabama constitution expressly includes sheriffs in the "executive department" of *state* government. *Ala. Const., art. V, § 112.* Because a sheriff is a state officer, he cannot be directed or controlled by the county commission in any of his activities. *See* Terry v. Cook, 866 F.2d 373, 379 (11th Cir. 1989) (noting that commissions have no authority to hire or fire deputies, dispatchers and jailers); King v. Colbert County, 620 So.2d 623, 625 (Ala. 1993) (holding county commission has no control over jail operations).

Because the Sheriff is a state officer, he is not treated as an "employee of the county for purposes of imposing liability on the county under a theory of *respondeat superior*." Parker v. Amerson, 519 So.2d 442 (Ala. 1987); *See also* King, 620 So.2d at 625 ("The Sheriff's authority is totally independent of the Colbert County Commission. . . . Therefore, Colbert County itself cannot be held vicariously liable for his actions or inaction."). In other words, under state law, a sheriff is not even an *agent* of the county -- let alone a *policymaker*.

Not only does Alabama law not give county commissions control over sheriffs generally, the commission has absolutely no role in the development of policies governing local law enforcement

(including supervision). *See* <u>Lockridge v. Etowah County Comm'n</u>, 460 So.2d 1361, 1363 (Ala. Civ. App. 1984). Commissions do, however, as noted *infra*, have statutory obligations to provide funds and facilities to be used by sheriffs. *See also Ala. Code* § 36-22-16 (duty to pay a specified salary to sheriff); *Id. § 36-22-18* (duty to furnish sheriff with necessary quarters, supplies, and automobiles). If a county commission appropriates an <u>unreasonably</u> small amount of money for these purposes, a sheriff can sue the commission in state court for relief. *See* <u>Geneva County Comm'n v. Tice</u>, 578 So.2d 1070 (Ala. 1991); <u>Etowah County Comm'n v. Hayes</u>, 569 So.2d 397 (Ala. 1990).

Under Alabama law, sheriffs and their deputies are state officers not county officers or employees. *See* <u>McMillian v. Monroe County, Alabama</u>, 138 L. Ed2d 1, 520 U.S. 781, 117 S.Ct. 1734 (1997), <u>Turquitt v. Jefferson County, Ala.</u>, 137 F.3d 1285 (11th Cir. 1998)(en banc); <u>Lancaster v. Monroe County, Alabama</u>, 116 F.3d 1419 (11th Cir. 1997); <u>Carr v. City of Florence</u>, 916 F2d. 1521, at 1526 (11th Cir. 1990); <u>Hereford v. Jefferson County</u>, 586 So. 2d 209, 210 (Ala. 1991); <u>Cofield v. Randolph County Commission</u>, 844 F. Supp. 1499, 1501 (M.D. Ala. 1994). The Alabama Constitution provides in part that

> "The executive department shall consist of a governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and <u>a sheriff for each county</u>." (emphasis added) Ala. Const. of 1901, Art. V, Section 112.

The nature and function of the office of sheriff in Alabama are also specified by state law. There is a sheriff in each county of the State, elected by the voters of that county. *Ala. Const. Art. V, § 138.*

Sheriffs in Alabama have three basic functions: (1) assisting the state judicial system by

serving process and performing other related tasks, *Ala. Code* § 36-22-3(1); (2) operating the jail, *Ala. Code* § 14-6-1; and (3) enforcing state law in their county, *Ala. Code* § 36-22-3(4). With respect to judicial functions, the sheriffs take orders from, and are supervised by, state judges when they are sitting in their counties.

With regard to enforcing state law in their county, it is

> [t]he duty of Sheriffs in their respective counties, by themselves or deputies, to ferret out crime, to apprehend and arrest criminals and, insofar as within their power, to secure evidence of crimes in their counties and to present a report of the evidence so served to the district attorney or assistant district attorney for the county.

*Ala. Code* § 36-22-3(4). Sheriffs can be directed to perform criminal investigations and make reports about those investigations by the governor, the state attorney general, or the district attorney. *Id.* § 36-22-5. The governor is authorized to require sheriffs to provide "information in writing, under oath," concerning the conduct of their duties. *Ala. Const. art. V, § 121.*

The 1901 Constitution also specified that sheriffs may be removed from office for misconduct only through an original impeachment action in the Alabama Supreme Court, generally initiated by the state attorney general at the request of the governor. *Ala. Const. art. VII, § 174.* This was a change from the former system, under which sheriffs were impeached at the local level. *Ala. Const. art. VII § 3 (1875).* The change was made in order to tighten control over sheriffs in response to the perception that "the neglect of sheriffs" had led to an "excessive number of lynching cases in Alabama." Parker v. Amerson, 519 So.2d at 443.

Sheriffs and his officers in the State of Alabama are state officers and as such are immune from suit pursuant to *Article I, Section 14 of the Alabama Constitution of 1901. Article I, Section 14 of the Alabama Constitution of 1901* expressly states that "the State of Alabama shall never be

made a defendant in any court of law or equity." *Id.*

The fact that sheriffs and deputies in Alabama are state officers and therefore have the full immunity provided other state officers such as the attorney general and governor has been clearly and unambiguously established not only by the Alabama Supreme Court and Eleventh Circuit Court of Appeals, but also by the United States Supreme Court. In <u>McMillian v. Monroe County, Alabama</u>, 138 L. Ed2d 1, 520 U.S. 781, 117 S.Ct. 1734 (1997), the United States Supreme Court held that *"Alabama sheriffs, when executing their law enforcement duties represent the State of Alabama, not their counties."* The Court in <u>McMillian</u>, relying on Alabama state law, determined that the governing body of counties, county commissions, cannot instruct the sheriff how to perform his law enforcement duties and county commissioners have no direct control over how a sheriff fulfills his duties.

As a matter of Alabama law the Supreme Court of Alabama has settled the issue of whether a county commission can be held vicariously liable for the actions of a sheriff. In <u>Hereford v. Jefferson County, et al.</u>, 586 So. 2d 209 (Ala. 1991), the Alabama Supreme Court held as follows:

> In <u>Parker v. Amerson</u>, 519 So. 2d 442 (Ala. 1987), the Eleventh Circuit Court of Appeals asked this Court to decide whether a sheriff is an employee of a county for purposes of holding the county vicariously liable. We held that a sheriff is an employee of the state, rather than a county, based on the following constitutional provision: 'The executive department shall consist of a governor . . . and a sheriff for each county.' Article V, § 112, Alabama Constitution of 1901. As executive officers, sheriffs have sovereign immunity under Article I, § 14, of the Alabama Constitution, which reads: 'The State of Alabama shall never be made a defendant in any court of law or equity.' The only exceptions to such immunity are for actions brought against a sheriff:
>> '(1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the

Declaratory Judgment Act if he is a necessary party for the construction of the Statute.'

519 So. 2d at 443. None of those exceptions applies here.

We also held in Parker v. Amerson, *supra*, that *Ala. Code* 1975, § 14-16-1, which made a sheriff civilly liable for the acts of his jailer, was unconstitutional as being in derogation of Article I, § 14, of the Alabama Constitution. Applying the holdings of that case to the instant case, we are compelled to conclude that Sheriff Bailey, as an executive officer of the State of Alabama, has sovereign immunity under § 14;

In Parker v. Amerson, 519 So.2d 442, 443 (Ala. 1987), the Alabama Supreme Court held that

[A] suit against a sheriff was essentially a suit against the state. Article I, § 14, Alabama Constitution of 1901, provides: 'That the State of Alabama shall never be made a defendant in any court of law or equity.' This Court has held that this section of the constitution wholly withdraws from the legislature, or any other state authority, the power to consent to an action against the state. (citations omitted) Section 14 of the Constitution also prevents actions against officers and agents of the state in their official capacity. (citation omitted) An action against the Attorney General of Alabama, who is also designated as an executive officer of the State of Alabama in § 112 of the constitution, was subject to dismissal as an action against the state in violation of § 14 of the constitution, because of his position. (citation omitted) . . . . This Court has specifically held that a suit against a sheriff is 'essentially a suit against the state' and thus 'not maintainable.' Montiel v. Holcombe, 240 Ala. 352, 199 So. 245 (1940). Thus, § 14 and judicial precedent mandate the conclusion that Sheriff Amerson is immune from suit,

Parker v. Amerson, 519 So. 2d 442 (Ala. 1987).

It is well established that *Article I, § 14, Alabama Constitution of 1901*, cannot be waived and wholly withdraws from the legislature, or any other state authority, the power to give consent to an action against the state. Curry v. Woodstock Slag Corp., 242 Ala. 379, 6 So. 2d 479 (1942); Glass v. Prudential Ins. Co., 246 Ala. 579, 22 So. 2d 13 (1945); Aland v. Graham, 287 Ala. 226, 250 So. 2d 677 (1971); Dunn Construction Co. v. State Board of Adjustment, 234 Ala. 372, 175 So. 383 (1937).

The next logical question is whether or not sheriff's deputies are also state officers and

should be afforded the same absolute immunity under the *11th Amendment* to the United States Constitution and *Article I, Section 14 of the Alabama Constitution of 1901.*

The Eleventh Circuit Court of Appeals in Court in <u>Carr v. City of Florence,</u> 916 F2d. 1521, at 1526 (11th Cir. 1990) and as followed by <u>Hereford,</u> held that deputies are also state officers and have the same state officer immunity provided by law to sheriffs.

> Under Alabama law, a deputy sheriff is the general agent of and empowered to enter into business transactions for the sheriff. Any transaction within the sheriff's duties may be acted upon by his deputy. <u>Ramsey v. Strobach,</u> 52 Ala. 513, 515 (1875). The deputy sheriff is the alter ego of the sheriff... <u>Mosley v. Kennedy,</u> 245 Ala. 448, 17 So. 2d. 536, 537 (1944), (citations omitted)....

<u>Carr v. City of Florence,</u> 916 F2d. 1521, at 1526 (11th Cir. 1990).

Likewise the Alabama Supreme Court in <u>Alexander v. Hatfield,</u> 652 So. 2d 1142 (1994), held that

> A sheriff is an employee of the State and, as such, is immune from suit, in his official capacity....We have also held that deputy sheriffs are immune from suit to the same extent as sheriffs. 'In general, the acts of the deputy sheriff are the acts of the sheriff. The deputy sheriff is the alter ego of the sheriff.' (citations omitted) 'Under Alabama law, a deputy is legally an extension of the sheriff. If the deputy's acts are generally considered the acts of the sheriff, it is logical that those acts should enjoy the same immunity covering the sheriff's own acts.'

The Eleventh Circuit, in <u>Turquitt v. Jefferson County, Ala.,</u> 137 F.3d 1285 (11th Cir. 1998) (en banc), held that jail operations are a state function when it held that "an Alabama Sheriff acts exclusively for the state rather than for the county in operating a county jail."

It is undisputed that Lamar Glover is the duly elected Sheriff of Houston County, Alabama.

Because Sheriff Glover and his deputies are state not county officers, Houston County cannot be held liable for their actions and its Motion to Dismiss or in the Alternative for Summary Judgment is due to be granted.

Because Sheriff Glover and his deputies are state not county officers, the Houston County Commission cannot be held liable for their actions and its Motion to Dismiss or in the Alternative for Summary Judgment is due to be granted.

Because Sheriff Glover and his deputies are state not county officers, Mark Culver as Chairman of the Houston County Commission cannot be held liable for their actions and his Motion to Dismiss or in the Alternative for Summary Judgment is due to be granted.

Because Sheriff Glover and his deputies are state not county officers, Mark Culver, in his individual capacity cannot be held liable for their actions and his Motion to Dismiss or in the Alternative for Summary Judgment is due to be granted.

## II.     UNDER <u>MONELLE V. DEPT. OF SOCIAL SERVICES</u>, PLAINTIFFS CLAIMS AGAINST DEFENDANTS, ARE DUE TO BE DISMISSED.

The Supreme Court in <u>Monelle v. Dept. of Social Services of New York</u>, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed 2d 611 (1978), made it clear that a local government cannot be held liable on a respondeat superior theory because it employs an alleged tort feasor.  In <u>Monelle</u> the Court specifically held that governmental liability under § 1983 must be predicated on evidence that a government employee's unconstitutional action

> "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or is "visited pursuant to governmental 'custom' even though such custom has not received formal approval through the body's official decision making channels." <u>Monelle</u>, 436 U.S. at 690-91, 98 S.Ct. at 2035-36.

The Defendants, Houston County, Houston County Commission and Mark Culver individually and as Chairman of the Houston County Commission cannot be liable under § 1983

under a *respondeat superior* theory. *See* Monell v. Department of Social Servs, 436 U.S. 658, 691 (1978). Rather, counties and county government can only be liable if it "under color of some official policy 'causes' an employee to violate another's constitutional rights." *Id.* at 692.

The United States Supreme Court has found that Alabama sheriffs exercise state power rather than county power when participating in law enforcement activity. McMillian v. Monroe County, 520 U.S. 781, 117 S.Ct. 1734, 1739 (1997). The Court in McMillian, relying on Alabama state law, determined that the governing body of counties, county commissions

> cannot instruct the sheriff how to ferret out crime, how to arrest a criminal, or how to secure evidence of a crime. And when the sheriff does secure such evidence, he has an obligation to share this information not with the county commission, but with the district attorney *Id.*

The only entity which has control over how Alabama sheriffs fulfill their law enforcement duty is the governor and the attorney general. *Id.* Thus, the County, governed by the County Commission, has no power to control the sheriff's law enforcement policies in any way and therefore the Sheriff cannot be considered a policymaker for the county. Using the same reasoning as the Supreme Court employed in McMillian, Houston County, the Houston County Commission and Mark Culver individually and as Chairman of the Houston County Commission are due to be dismissed and to have summary judgment entered in their favor. Additionally, the same analysis is true under 42 U.S.C. § 1985. *See* Swint v. City of Wadley, 5 F.3d 1435, 1451 (11th Cir. 1993) (holding that Sheriff was not exercising county power when he authorized raids on nightclub for purposes of holding county liable for conspiracy to violate equal protection rights of nightclub owners and patrons based on sheriff's decision to raid nightclub), *vacated on jurisdictional grounds*, 51 F.3d 988 (11th Cir. 1995).

In the case at bar there is no county policy or custom that was executed by any employee of Houston County or of the Houston County Sheriff causing any injury to Plaintiffs.

Defendants deny the factual allegations of Plaintiffs' Complaint made against both the Defendants and the Houston County Sheriff. However, even if it is assumed only for purposes of the argument of the Defendants' Motion to Dismiss or in the Alternative for Summary Judgment that someone in the Sheriff's Office is guilty of the misconduct alleged by Plaintiffs, the Defendants are not liable as Plaintiffs' claim is based on a respondeat superior theory.

In Oklahoma City v. Tuttle, 471 U.S. 808, 105 S.Ct. 2427, 2434, 85 L.Ed. 2d 791 (1985), the Court held that regardless of whether the basis of the claim is an officially or unofficially adopted policy or custom, said policy or custom must be the moving force behind the constitutional deprivation before liability can attach. Under Tuttle, *supra*, the Court points out that not only must there be fault on the part of a municipality in establishing or tolerating a custom or policy, but there also be a causal link between the custom or policy and the deprivation. 105 S.Ct. at 2435-36.

In McLaughlin v. City of LaGrange, 662 F.2d. 1385 (11th Cir. 1981), the Court pointed out that an isolated incident does not establish a custom or policy of the city. The Court went on to grant the City of LaGrange's motion for summary judgment finding no custom or policy of the municipality the execution of which caused plaintiffs' injury.

In the instant case, Plaintiffs have failed to plead nor are there any facts to establish any type of policy of the Defendants which allegedly caused any deprivation of Plaintiffs' rights. In Fulman v. Graddick, 739 F.2d 553 (11th Cir. 1984), the Court upheld the dismissal of claims against the City on the grounds that Plaintiff failed to plead a formal policy or an informal custom of such long standing as to have the force of law, which caused the deprivation of plaintiffs' civil rights. As

stated in Argument I of this brief, the Defendants do not have legal authority to implement such a policy for the Sheriff who is a state officer not a county officer.

In other cases the Supreme Court has held that the term "custom" includes "persistent and wide spread practices," "permanent and well settled practices," and "deeply embedded traditional ways of carrying out policy." *See* Bennett v. Slidelle, 735 F.2d. 861, 862 (5th Cir. 1984) (en banc) (reh, denied, cert. denied, 105 S.Ct. 3476, 87 L.Ed. 612 (1985); Adickes v. S. H. Kress and Company, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed. 2nd 142 (1970); *See also,* Fundiller v. City of Cooper City, 777 F.2d. 1436 (11th Cir. 1985).

In Gilmere v. City of Atlanta, Georgia, 774 F2d 1498 (11th Cir. 1985) (en banc), Plaintiff's decedent was shot and killed by an Atlanta Police Officer. The Plaintiff sued the City of Atlanta and some of its police officers under *42 USC § 1983*. The City was alleged to have deprived Plaintiff's decedent of his constitutional rights by having a policy or custom permitting the deployment of untrained police officers and the use of excessive force in police - citizen encounters. The 11th Circuit in Gilmere cited Monelle, *supra*, for the proposition that the City can only be held liable if the action that is alleged to be unconstitutional

> ...implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that bodies officers or else is visited pursuant to governmental custom even though such custom has not received formal approval through the bodies official decision making channels. 774 F.2d. 1495.

The Court went on to say that the Plaintiff had failed to make out a case under Monelle against the City. The Court stated that:

> At most she established that the City failed to train one single policeman properly....even if such failure could be said to be the moving force of the constitutional violation, as required by Monelle,...the Plaintiff's proof did not in any case satisfy Monelle's further requirement that the failure resulted from a custom that

was 'so permanent and well settled' as to have 'the force of law'" 774 F.2d. at 1504.

Applying these cases to the case at bar, it is clear that the Motion to Dismiss or in the Alternative for Summary Judgment of Mark Culver, individually and as Chairman of the Houston County Commission, the Houston County Commission and Houston County are due to be granted.

## III.    AS TO ALL OF PLAINTIFFS' CLAIMS FOR THE AWARD OF PUNITIVE DAMAGES, DEFENDANTS' MOTIONS ARE DUE TO BE GRANTED.

Cities, counties and the state are absolutely immune from punitive damages under § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). In addition, it is also clear that punitive damages cannot be awarded against Houston County, the Houston County Commission and Mark Culver as Chairman of the Houston County Commission in this case under Plaintiffs' state law claims as well. *Ala. Code* § 6-11-26, provides as follows:

> Punitive damages may not be awarded against the State of Alabama or any county or municipality thereof, or any agency thereof, except any entity covered under the Medical Liability Act now codified as Section 6-5-480 et seq., or any act amendatory thereto.

Therefore, Defendants' motions relative to plaintiffs' claims for punitive damages are due to be granted as to both federal and state law claims.

## IV.    DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT IS DUE TO BE GRANTED AS TO PLAINTIFFS' STATE LAW CLAIMS.

Alabama state law is clear that a county cannot be held liable under a theory of *respondeat superior* for the actions of a Sheriff or any of his deputies or jailers. The Alabama Constitution

expressly includes sheriffs in the "executive department" of the *state* government. *See* Ala. Const. Art V, § 112. Deputy sheriffs are likewise considered officers of the State of Alabama. *See* Hereford v. Jefferson County, 586 So.2d 209, 210 (Ala. 1991). Houston County, therefore, cannot be held liable under a theory of *respondeat superior* for the actions of a sheriff or any of his deputies or jailers. *See* Parker v. Amerson, 519 So.2d 442 (Ala. 1987) (holding "[a] sheriff is not an employee of a county for purposes of imposing liability on the county under a theory of *respondent superior*"); Hereford, 586 So.2d at 210.

Plaintiffs' state law claims against Houston County, the Houston County Commission, and Mark Culver individually and as the Chairman of the Houston County Commission which are apparently premised on *respondeat superior* are due to be dismissed and Defendants' Motion to Dismiss or in the Alternative for Summary Judgment is due to be granted.

### V. ALL CLAIMS AGAINST FICTITIOUS DEFENDANTS ARE DUE TO BE STRICKEN AS THERE IS NO FICTITIOUS PARTY PRACTICE UNDER THE FEDERAL RULES OF CIVIL PROCEDURE.

The Federal Rules of Civil Procedure do not provide for fictitious party practice. *See generally* New v. Sports and Recreation, Inc., 114 F.3d 1092, 1097 n.1 (11th Cir. 1997). As such, all claims against the fictitious defendants in Plaintiffs' Complaint are due to be stricken.

### VI. PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED.

Plaintiffs' Complaint against these Defendants is a quintessential "shotgun" pleading. The

Complaint makes numerous allegations and, regardless of their relevance, incorporates them in their entirety into several counts, and then follows the counts with a general prayer for relief directed to no particular count of the Complaint.

Each succeeding count of the Complaint also re-alleges and incorporates all allegations set forth in the preceding counts or claims. As a result, factual allegations which may be material to a determination of Count One of the Complaint are nonetheless made a part of all claims against the Defendants. Consequently, it is not possible for the Defendants to know which allegations of fact are intended to support which claim for relief. *See* Anderson v. Central Florida Community College, 77 F.3d 364 (11th Cir. 1996) where the Eleventh Circuit addressed this issue and in footnote 5 of its opinion states that *"[o]n examining those pleadings, the court, acting sua sponte, should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement."*

Under GRJ Investments, Inc. v. County of Escambia, Florida, 132 F.3d 1359 (11th Cir. 1998), Plaintiffs' Complaint is a "shotgun" pleading. The Complaint makes numerous allegations and, regardless of their relevance, incorporates them in their entirety into the Cause of Action, and then follows the Cause of Action paragraphs with general prayers for relief.

In GRJ Investment, Inc. v. County of Escambia County, Florida, 132 F.3d 1359 (11th Cir. 1998), the Court held that

> "[t]he lack of any allegations in the complaint ... tending to show a purposeful discrimination ... is not supplied by the opprobrious epithets "willful" and "malicious" ..., or by characterizing [the defendant's actions] as an unequal, unjust, and oppressive administration of the laws ... These epithets disclose nothing as to the purpose or consequences of [the defendant's actions] ...."

Plaintiffs' demands for relief are similarly flawed. It is impossible for the Defendants to

determine which claims of the Complaint and which Defendants each paragraph containing demands for relief is intended to address or if each paragraph relates to all of Plaintiffs' claims.

WHEREFORE, PREMISES CONSIDERED, Defendants Houston County, Houston County Commission and Mark Culver individually and as Chairman of the Houston County Commission request this Court to strike all redundant or improper claims, to dismiss all other claims against these Defendants and to grant Defendants' Motion to Dismiss or in the Alternative for Summary Judgment. Defendants also request this Court to grant unto Defendants costs and attorney's fees pursuant to law and 42 U.S.C. § 1988.

## CONCLUSION

Based on the foregoing, the Plaintiffs' Complaint is due to be dismissed by this Court and Defendants' Houston County, Houston County Commission and Mark Culver individually and as Chairman of the Houston County Commission Motion to Dismiss or in the Alternative for Summary Judgment is due to be granted. Because the legal status of sheriffs and deputies as state officers is so clearly established, the Plaintiffs' Complaint is frivolous and was filed in bad faith solely for the purpose of harassment and intimidation, said Defendants request this Court pursuant to *42 U.S.C. § 1988*, to award said Defendants reasonable attorneys fees and costs incurred in the defense of this case.

Respectfully submitted on this 9th day of August, 2006.

s/Gary C. Sherrer
GARY C. SHERRER, ATTORNEY FOR
THE ABOVE-REFERENCED DEFENDANTS
Alabama Attorney Code No. SHE-016

OF COUNSEL:

SHERRER, JONES & TERRY, P.C.
335 WEST MAIN STREET
DOTHAN, ALABAMA 36302
(334) 678-0100

## CERTIFICATE OF SERVICE

I, Gary C. Sherrer, hereby certify that on this 9th day of August, 2006, I electronically filed

the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

| | |
|---|---|
| Richard H. Ramsey, IV, Esq. | Michael Guy Holton, Esq. |
| P.O. Box 6595 | 2779 Old Carter Hill Road |
| Dothan, Alabama 36302 | Pike Road, Alabama 36064 |

s/Gary C. Sherrer
OF COUNSEL