IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY JONES AND JOSEPH ALFORD, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HOUSTON COUNTY SHERIFF'S ) <br> DEPARTMENT, et al., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. 1:06cv585-WHA <br><br> (WO) |

# **ORDER**

Upon consideration of matters presently before the court in this case, it is hereby ORDERED as follows:

(1) Defendant Thomas Flathmann's Motion to Quash Insufficient Service of Process and Motion to Dismiss (Doc. #11) is DENIED as to the Motion to Dismiss, and GRANTED as to the Motion to Quash Insufficient Service of Process. Plaintiff is thus granted leave to perfect service of process within the 120 day time limit set forth in Fed. R. Civ. P. 4(m).

(2) Insofar as Plaintiffs' Response to Defendant Flathmann's Motion to Quash and Motion to Dismiss (Doc. #18) requests that Defendant Houston County Sheriff, Lamar Glover, be ordered to immediately produce a forwarding address for former Deputy Thomas Flathmann, the Plaintiffs have not shown that such order is necessary. In fact, the Plaintiffs only allege that "such specific information is available to the Sheriff yet no forwarded address has been offered." Lawyers should know that simply picking up the telephone and talking to opposing counsel often saves the lawyers, their clients and the court time, effort, and expense. That should be tried before asking for court relief. Therefore, the Plaintiffs' request is DENIED. The

court notes also, however, that the telephone was equally available to defense counsel, and that this whole issue might have been resolved by a call before filing a motion to quash.

Done this the 18th day of August, 2006.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE