IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY JONES and JOSEPH ALFORD, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:06-cv-585-WHA |
| | ) |
| HOUSTON COUNTY SHERIFF'S | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| **Defendants.** | ) |

# BRIEF OF SHERIFF LAMAR GLOVER AND HOUSTON COUNTY SHERIFF'S DEPARTMENT, IN SUPPORT OF THEIR MOTION TO DISMISS OR IN THE ALTERATIVE FOR SUMMARY JUDGMENT

The following brief and argument is submitted to the Court by the Defendant Sheriff Lamar Glover, individually and in his official capacity as Sheriff of Houston County (hereinafter referred to as "Defendant"), and on behalf of the Houston County Sheriff's Department in support of said Defendants' Motion to Dismiss or in the Alternative for Summary Judgment. The Defendants' Motion is directed to all claims filed and alleged by the Plaintiffs in the above-styled case.

## I.    STANDARD OF REVIEW

### A.    MOTION TO DISMISS STANDARD

"A motion to dismiss is granted only when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Spain</u>

v. Brown & Williamson Tobacco Corp., 363 F.3d 1183, 1187 (11th Cir. 2004) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

"In evaluating a motion to dismiss, the court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party." Barnette v. Phenix City, No. 3:05-cv-473-WKW, 2006 WL 680595, at *1 (M.D. Ala. Mar. 15, 2006) (Watkins, J.).

## B.    MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment may be granted if there are no genuine issues as to any material facts, Federal Rules of Civil Procedure, Rule 56. However, once a party has moved for summary judgment as a matter of law the burden of production shifts to the non-moving party (the Plaintiffs in this case) and the Plaintiffs must designate "specific facts showing that there is a genuine issue for trial." *See* Celotex Corp. v. Cattrett, 477 U.S. 317, 91 L. Ed. 2d. 265 (1986). In meeting this burden, the Plaintiffs or non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U. S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). When this Court applies the applicable law to the pleadings and the undisputed facts of this case, the Defendant Sheriff Lamar Glover individually and in his official capacity as Sheriff of Houston County is entitled to summary judgment as a matter of law. When this Court applies the applicable law to the pleadings and the undisputed facts of this case, Defendant Houston County Sheriff's Department is entitled to summary judgment as a matter of law.

## STATEMENT OF FACTS

With regard to Plaintiffs' claims in this lawsuit, Sheriff Glover was not personally or directly involved in the obtaining of or in the on-site execution of the search warrant made the basis of

Plaintiffs' Complaint. Sheriff Glover was not personally or directly involved in the factual events made the basis of Plaintiffs' Complaint. At no time in January, 2006, was Sheriff Glover ever present in or about the Plaintiffs' residence when any search of the premises was performed by any law enforcement officer. See Affidavit of Sheriff Lamar Glover which was submitted as Exhibit 1 with Defendant's Motion to Dismiss or in the Alternative for Summary Judgment.

## ARGUMENT

I.    **WITH REGARD TO THE STATE LAW AND FEDERAL LAW CLAIMS ASSERTED BY PLAINTIFFS, PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED AND THE DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW AS SHERIFF'S ARE STATE OFFICERS AND THEREFORE HAVE IMMUNITY FROM THE CLAIMS OF PLAINTIFFS.**

   **A. SHERIFF GLOVER IS A STATE OFFICER.**

Under Alabama law, sheriffs and their deputies are state officers not county employees. *See* Carr v. City of Florence, 916 F.2d 1521, at 1526 (11th Cir. 1990); Hereford v. Jefferson County, 586 So.2d 209, 210 (Ala. 1991); Cofield v. Randolph County Commission, 844 F. Supp. 1499, 1501 (M.D. Ala. 1994). The Alabama Constitution provides in part that

> The executive department shall consist of a governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and a sheriff for each county. (emphasis added) *Ala. Const. of 1901, Art. V, Section 112.*

Likewise, the Supreme Court in McMillan v. Monroe County, _____ U.S. _____, _____, 117 S.Ct. 1734, 1739 (1997), held that

> ...sheriffs are state officers, and that tort claims brought against sheriff's based on

their official acts therefore constitute suits against the State, not suits against the sheriff's county. (citation omitted) Thus, Alabama counties are not liable under a theory of respondeat superior for a sheriff's official acts that are tortious .... Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, not their counties.

Sheriffs in the State of Alabama are state officers and as such are immune from suit pursuant to the Eleventh Amendment of the United States Constitution. The *Eleventh Amendment to the Constitution of the United States* provides:

[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subject of any foreign state.

The Supreme Court has held that an unconsenting state is immune from lawsuits brought in court by the state's own citizens. Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33. L.Ed. 842 (1890). Lawsuits against a state official are suits against the state when "the state is the real, substantial party in interest." Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 104 S. Ct. 900, 79 L.Ed. 2d 67 (1984) ; Carr v. City of Florence, Alabama, 916 F.2d 1521, at 1524 (11th Cir. 1990), *see also* 729 F. Supp. 783 (N.D. Ala. 1990).

The Courts have recognized only two exceptions to this absolute immunity. The first exception being action by Congress abrogating state powers through legislation pursuant to the 14th Amendment to the United States Constitution. The second exception is waiver of the state's absolute immunity through legislative enactments of individual states. Neither of these exceptions are applicable to the present case as "Congress has not abrogated Eleventh Amendment immunity in section 1983 cases." Carr v. City of Florence, Alabama, 916 F.2d 1521, at 1525 (11th Cir. 1990). Additionally, the State of Alabama has not waived its immunity. "Article 1, Section 14 of the Alabama Constitution of 1901 expressly states that 'the State of Alabama shall never be made a

defendant in any court of law or equity'." *Id.*

The Court in Carr, *supra.*, went on to declare that state law is the controlling issue in whether a state official is covered by Eleventh Amendment Immunity. Rule 17(b) of the Federal Rules of Civil Procedure provides that "[i]n all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held." The Supreme Court of Alabama has settled whether a sheriff can be sued as sheriff. The Eleventh Circuit Court of Appeals acknowledged this when it held that "...a Sheriff is an executive officer of the State of Alabama, and thus is immune from law suits under that state constitution, except for injunctive actions...." (emphasis added)  Carr v. City of Florence, 916 F.2d 1521, at 1525 (11th Cir. 1990), *see also* 729 F. Supp. 783 (N.D. Ala. 1990). The Plaintiffs have not asked for injunctive relief in the present case, therefore the exceptions to absolute immunity set out under Carr would not be applicable.

Therefore, Sheriff Glover is a state officer and is entitled to the defense of absolute immunity as a matter of law under the Eleventh Amendment to the United States Constitution and Article I, Section 14 of the Alabama Constitution of 1901.

## II. PLAINTIFFS' FEDERAL LAW CLAIMS AGAINST LAMAR GLOVER INDIVIDUALLY AND AS SHERIFF OF HOUSTON COUNTY ARE DUE TO BE DISMISSED AND SUMMARY JUDGMENT ENTERED IN FAVOR OF DEFENDANT AS SHERIFF GLOVER IS ENTITLED TO QUALIFIED IMMUNITY.

In order for the Plaintiffs to prevail under *42 U.S.C.* § 1983 for violation of their civil rights, they must show that the injury inflicted upon them rose to the level of a constitutional violation that was so egregious that it exceeded the boundaries that would be applied under a tort law claim. Baker

v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

Once an official has asserted the defense of qualified immunity, the threshold inquiry a court must undertake is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001) (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)). In other words, do the facts show that Sheriff Glover's conduct violated plaintiffs' constitutional rights?

"The next, sequential step [once it is determined that the plaintiffs have stated a constitutional claim] is to ask whether the right was clearly established." Saucier, 533 U.S. at 201. In this part of the analysis, the reviewing court determines whether the defendant public official had "notice" or "fair warning" that his conduct would violate Plaintiff's constitutional rights. Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003). In the instant case, the plaintiff has failed on both counts.

### A.    PLAINTIFFS HAVE FAILED TO ALLEGE A CONSTITUTIONAL VIOLATION.

First, although the Plaintiffs purport to allege violations of the Fourth, Sixth and Fourteenth Amendments of the U.S. Constitution and their rights under *42 U.S.C.* §§ 1981, 1983 and 1988, the Plaintiffs have failed to allege sufficient facts to support their allegations against Sheriff Glover. The Plaintiffs make general allegations against all Defendants and do not state a claim against Sheriff Glover who was not present or directly involved in the events alleged by Plaintiffs. Second, Plaintiffs do not allege facts against Sheriff Glover such that Sheriff Glover's conduct – even if it transgressed Fourth, Sixth or Fourteenth Amendment protections -- violated any "bright line" or "fair and clear notice" level in the area the of probable cause and the execution of a judicially issued

and facially valid search warrant. The two allegatory elements necessary for stating a *42 U.S.C. §*
1983 claim are: 1) whether the conduct complained of was committed by a person acting under the
color of state law; and 2) whether this conduct deprived a person of rights, privileges, or immunities
secured by the Constitution or the laws of the United States. Parratt v. Taylor, 451 U.S. 527 (1981);
Gomez v. Toledo, 446 U.S. 635, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980); Pepper v. Alexander, 599
F. Supp. 523 (D.N.M 1984). A *42 U.S.C. §* 1983 claim must first identify a protected life, liberty, or
property interest. Board of Regents v. Roth, 408 U.S. 564, 93 S. Ct. 2701 (1972) 33 L. Ed. 2d 548
(1972); Phillips v. Vandygriff, 711 F.2d 1217 (5th Cir. 1983). Plaintiffs' Complaint fails to do so
with regard to Sheriff Glover.

The Federal Rules of Civil Procedure require that a complaint contain a "short and plain
statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the
ground upon which it rests." Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957).
Even under the notice rules of pleading, the complaint must state a cause of action sufficient to
affirmatively show what the plaintiffs are entitled to relief for:

> [i]t is not enough to indicate merely that the plaintiff has a grievance
> but sufficient detail must be given so that the defendant, and the
> Court, can obtain a fair idea of what the plaintiff is complaining, and
> can see that there is some legal basis for recovery.

Moore's Federal Practice, § 8.13 (2d Ed. 1984).

In civil rights actions, courts have recognized that more than mere conclusory notice pleading
is required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient
where the allegations it contains are vague and conclusory. Fullman v. Graddick, 739 F.2d 553 (11th
Cir. 1984). *See also*, Burnett v. Short, 441 F.2d 405 (5th Cir. 1971); Geudry v. Ford, 431 F.2d 660

(5th Cir. 1970); Granville v. Hunt, 411 F.2d 9 (5th Cir. 1969).

The Plaintiffs' allegations with regard to Sheriff Glover are vague and conclusory and do not state with any specificity any conduct or direct involvement of Sheriff Glover in the obtaining or executing of the search warrant made the basis of Plaintiffs' Complaint. Plaintiffs' claims are not stated with sufficient particularity to withstand a Motion to Dismiss or in the Alternative for Summary Judgment. The Plaintiffs have failed to allege a cause of action in this case and therefore their case against Sheriff Glover must fail.

Plaintiffs' Complaint against Sheriff Glover is a quintessential "shotgun" pleading. The Complaint makes numerous allegations and, regardless of their relevance, incorporates them by reference in their entirety into several counts, and then follows the counts with a general prayer for relief directed to no particular count of the Complaint and to no particular Defendant in the case.

Each succeeding count of the Complaint also realleges and incorporates all allegations set forth in the preceding counts or claims. As a result, factual allegations which may be material to a determination of Count One of the Complaint and relate to any one Defendant are nonetheless made a part of all claims against the Defendant. Consequently, it is not possible for the Defendant to know which allegations of fact are intended to support which claim for relief. See Anderson v. Central Florida Community College, 77 F.3d 364 (11th Cir. 1996) where the Eleventh Circuit addressed this issue and in footnote 5 of its opinion states that "[o]n examining those pleadings, the court, acting sua sponte, should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement."

Under the pleading standards of GRJ Investments, Inc. v. County of Escambia, Florida, 132 F.3d 1359 (11th Cir. 1998), Plaintiffs' Complaint is a "shotgun" pleading. The Complaint makes

numerous allegations and, regardless of their relevance, incorporates them in their entirety into the

Cause of Action, and then follows the Cause of Action paragraphs with general prayers for relief.

In GRJ Investment, Inc. v. County of Escambia County, Florida, 132 F.3d 1359 (11th Cir.

1998), the Court held that

> "[t]he lack of any allegations in the complaint ... tending to show a purposeful
> discrimination ... is not supplied by the opprobrious epithets "willful" and "malicious"
> ..., or by characterizing [the defendant's actions] as an unequal, unjust, and
> oppressive administration of the laws ... These epithets disclose nothing as to the
> purpose or consequences of [the defendant's actions] ...."

Plaintiffs' "Prayer for Relief" is similarly flawed. It is impossible for the Defendant to know

which count of the Complaint each paragraph of the "Prayer for Relief" is intended to address or if

each paragraph relates to all of Plaintiffs' claims.


### B.    PLAINTIFFS' FEDERAL CLAIMS DO NOT JUSTIFY THE DENIAL OF QUALIFIED IMMUNITY TO SHERIFF GLOVER.

In the present case, the Plaintiffs have named Sheriff Lamar Glover individually as a

defendant. The legal defense of qualified immunity applies to the sheriff and his deputies.

"'[G]overnment officials performing discretionary functions are shielded from liability for civil

damages in so far as their conduct does not violate clearly established constitutional rights of which a

reasonable person should have known.'" Rich v. Dollar, 841 F.2d 1558, 1563 (11th Cir. 1988)

(quoting Harlow v. Fitzgerald, 457 U. S. 800 (1982). In Malley v. Briggs, 475 U.S. 335 (1986), the

United States Supreme Court held that qualified immunity protects "all but the plainly incompetent

or those who knowingly violate the law." Malley, 475 U.S. at 341. The Eleventh Circuit Court of

Appeals recently reiterated the broad scope of qualified immunity as follows:

Our en banc court recently emphasized the broad scope of protection afforded by qualified immunity:

> That qualified immunity protects government actors is the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their individual capacities . . .     Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit. Because qualified immunity shields government actors in all but exceptional cases, courts should think long and hard before stripping defendants of immunity. Lassiter v. Alabama A&M University, 28 F.3d 1146, 1149, (11th Cir. 1994) (en banc) (emphasis added) (citations and footnotes omitted).

Hartsfield v. D.G. LeMacks, 50 F.3d 950 (11th Cir. 1995).

> [W]here an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken with independence and without fear of consequences. Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L. Ed 2d 411 (1985); citing, Harlow v. Fitzgerald, 457 U.S. at 819, 102 S.Ct. At 2738, quoting, Pearson v. Ray, 386 U.S. at 819, 102 S.Ct. 1213 at 1217, 1218 L. Ed. 2d 288 (1967).

> The qualified immunity doctrine recognizes that officials can act without fear of harassing litigation, only if they reasonably can anticipate when their conduct may give rise to liability for damages and only if unjustified lawsuits are quickly terminated. Davis v. Scherer, 468 U.S. 183, 104 S.Ct. 3012, 3020.

"[O]ne of the purposes of . . . qualified immunity . . . is to protect public officials from the 'broad-ranging discovery' that can be 'peculiarly disruptive of effective government.'" Sims I, 84 F. Supp.2d at 1284 (quoting Anderson v. Creighton, 483 U.S. 635, 646-47 n.6 (1987)). Sheriff Glover respectfully urges this Court to give him the protection that the defense of qualified immunity was designed to provide in cases such as this one.

With regard to qualified immunity, a plaintiff must show both that there is a constitutional right that is allegedly violated and that the right was clearly established at the time. A negative decision on either prevents the plaintiff from going forward. Thus, to overcome a Motion to Dismiss or in the Alternative for Summary Judgment based on grounds of qualified immunity, Plaintiffs must plead and show that Defendant violated "clearly established" federal rights and that every reasonable Sheriff faced with the circumstances facing Sheriff Lamar Glover <u>would have known</u> that Defendant's acts were unlawful. <u>Hansen v. Soldenwagner</u>, 19 F. 3d 573 (11th Cir. 1994).

In <u>Ziegler v. Jackson</u>, 716 F.2d 847, 849 (11th Cir. 1983), the United States Court of Appeals for the Eleventh Circuit set forth the following test for determining whether a governmental official is entitled to qualified immunity:

1.  First the official must prove that "he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred."

2.  Should the Defendant satisfy his burden of moving forward with the evidence, the burden shifts to the Plaintiffs to show lack of good faith on the part of the Defendant official. The Plaintiffs satisfy this burden by sufficiently demonstrating that the official's actions "violated clearly established constitutional law."

<u>Ziegler v. Jackson</u>, 716 F.2d 847, 849 (11th Cir. 1983).

The burden shifts to the Plaintiffs if the Defendant can demonstrate "objective circumstances which would compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of his authority." <u>Rich</u>, 841 F.2d at 1563-1564 (quoting <u>Barker v. Norman</u>, 651 F.2d 1197, 1121 (5th Cir. 1981)); <u>Coursan</u>, 939 F.2d at 1487.

---

In the instant case the Plaintiffs plead in their complaint that Sheriff Lamar Glover

> was acting in such capacity as the agent, servant, and employee of the
> Houston County, Alabama Sheriff's Department and was acting under
> color of law, to wit: under color of the statutes, ordinances,
> regulations, policies, customs and usage of the State of Alabama
> and/or Houston County, Alabama, Sheriff's Department.

Discretionary functions are those which objectively appear to be within the official's authority. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In the case at bar, it is undisputed that Sheriff Glover was at all times acting within the line and scope of his office as Sheriff of Houston County, and that Sheriff Glover's decisions related to law enforcement were within his discretionary authority. Courson, 939 F.2d at 1488-89; Rich at 1564.

Having met the first prong of the Ziegler test, the burden shifts to the Plaintiffs, who must sufficiently demonstrate that the officials' actions violated clearly established constitutional or statutory rights of which a reasonable officer would have known. See Barts v. Joiner, 865 F.2d 1187 (11th Cir. 1989) (citing Mitchell v. Forsyth, 472 U.S. 511 (1985); Zieglar at 849.)

> The second component of the Zeigler/Rich objective-reasonableness test is divided
> into two analytical subparts. Rich, 841 F.2d at 1563-64 (citing Mitchell, 472 U.S. at
> 528, 105 S. Ct. at 2816) ; Hutton. 919 F.2d at 1538. First, the reviewing court must
> decide whether the applicable law was clearly established when the governmental
> action in question occurred. Rich, 841F.2d at 1563-64 (citing Harlow, 457 U.S. at
> 818, 102 S. Ct. At 2738); Hutton, 919 F.2d at 1538; see Barts v. Joyner, 865 F. 2d
> 1187, 1190 (11th Cir.).
>
> . . .
>
> Second, the court must determine whether there is a genuine issue of fact concerning
> the government official's conduct being in violation of clearly established law. Rich,
> 841 F.2d at 1563-65 (citing Mitchell, 472 U.S. at 528, 105 S.Ct. at 2816); Hutton 919
> F.2d at 1538; see, e.g., Herren v. Bowyer, 850 F.2d 1543, 1546-47 (11th Cir. 1988);
> Webb v. Ethridge, 849 F.2d 546, 550 (11th Cir. 1988).

---

Courson, 939 F.2d at 938-39.

"[I]n the context of a motion based on qualified immunity, . . .the Plaintiffs must show there is a genuine issue of material fact regarding the defendant's conduct as being violative of the clearly established law governing the case." LST, Inc. v. Crow, 44 F.3d 679, 684 (11th Cir. 1995) (quoting Courson v. McMillan, 939 F.2d 1479, 1487. "[P]laintiffs cannot discharge their burden simply by referring to general rules or abstract rights." Hartsfield (quoting Lassiter, 28 F.3d at 1150). For a right to be "clearly established," "[t]he contours of that right must be sufficiently clear that a reasonable officer would understand what he is doing is wrong." Anderson v. Creighton, 483 U.S. 635, 639-640 (1987). The unlawfulness of the act must be apparent in light of pre-existing law, and on this very point, the Eleventh Circuit has held, "[i]f case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the Defendant." (emphasis added) Post v. City of Fort Lauderdale, 7 F.3d 1552, 1557 (11th Cir. 1993). The United States Supreme Court in Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508 (2002) held that a plaintiff seeking to defeat qualified immunity need not show that "the very action in question has previously been held unlawful," the plaintiff still must prove that the "contours" of the law are sufficiently clear to make the unlawfulness of the defendant's action "apparent." 536 U.S. at 739, 122 S.Ct. at 2515.

"[T]he question . . . in all qualified immunity cases is fact specific . . . ." Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994). It is also subject to "de novo" review on appeal. Hardin v. Hayes, 957 F. 2d 845 (11th Cir. 1992). The policy behind qualified immunity and its application was set forth in Post v. City of Fort Lauderdale, 7 F.3d 1552 (11th Cir 1993), when the Eleventh Circuit Court of Appeals stated that

Qualified immunity protects government officials performing discretionary functions from civil liability if their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982). Suits against government officials for damages against them individually are costly not only for the defendants, but for society as a whole. The social costs include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office. Id. at 2736. Qualified immunity recognizes that, where an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken 'with independence and without fear of consequences.' Id. at 2739 (citations omitted).

The public's strong interest in avoiding government disruption requires that qualified immunity be an immunity from trial, not just from liability. See Green v. Brantley, 941 F.2d 1146, 1149 (11th Cir. 1991); Siegert v. Gilley, 114 L. Ed. 2d 277, 111 S. Ct. 1789, 1793 (1991) (one purpose of qualified immunity is to spare a defendant...unwarranted demands customarily imposed upon those defending a...lawsuit). The erroneous denial of qualified immunity on summary judgment significantly undercuts the purposes behind qualified immunity and is harmful even if the defendants, in their individual capacities, ultimately prevail at trial.

In Hardin v. Hayes, 957 F. 2d 845 (11th Cir. 1992), Judge Dubina writing for the Court

provided as clear an insight as possible into the application of the federal law doctrine and defense of

qualified immunity when he writes

A district court's denial of qualified immunity is an appealable final decision within the meaning of 28 U.S.C. § 1291.5 Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S. Ct. 2806, 2817, 86 L. Ed. 2d 411 (1985); Green v. Brantley, 941 F.2d 1146, 1148 (11th Cir.1991) (en banc); Waldrop v. Evans, 871 F.2d 1030, 1032 n. 1 (11th Cir.1989). As a question of law, it is reviewed de novo. James v. Douglas, 941 F.2d 1539, 1542 (11th Cir.1991); Rich v. Dollar, 841 F.2d 1558, 1563 (11th Cir.1988). Moreover, when a defendant moves for summary judgment based on the doctrine of qualified immunity, the court must view the facts in the light most favorable to the plaintiff. Stewart v. Baldwin County Bd. of Educ., 908 F.2d 1499, 1503 (11th Cir.1990).

Qualified immunity shields government officials performing discretionary functions from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982). Qualified immunity is available to government officials whose actions could reasonably have been thought consistent with the rights they are alleged to have

violated. <u>Anderson v. Creighton</u>, 483 U.S. 635, 638, 107 S. Ct. 3034, 3038, 97 L.
Ed. 2d 523 (1987). The rights at stake must have been clearly established in light of
pre-existing law so that a reasonable official would understand that what he is doing
violates that right. <u>Anderson</u>, 483 U.S. at 640, 107 S. Ct. at 3039. The focus,
therefore, is on the objective legal reasonableness of the officials' actions. <i>Id.</i> at 639,
107 S. Ct. at 3038. Specifically, we look to whether a reasonable official <u>could have
believed</u> his or her conduct to be lawful in light of clearly established law and the
information possessed by the official at the time the conduct occurred. <u>Anderson</u>, 483
U.S. at 641, 107 S. Ct. at 3039; <u>Stewart</u>, 908 F.2d at 1503; <u>Waldrop</u>, 871 F.2d at
1033; <u>Clark v. Evans</u>, 840 F.2d 876, 881 (11th Cir.1988). (emphasis added)

<u>Hardin v. Hayes</u>, 957 F. 2d 845 (11th Cir. 1992).

Thus, for purposes of this action the inquiry here is whether on or about January 18, 2006 or

January 19, 2006, the law was clearly established in this circuit such that Sheriff Glover has "notice"

or "fair warning" that it was unconstitutional for Sheriff Glover, given what he knew of and about his

deputies, to expect his deputies to comply with the law of the State of Alabama in the execution of a

search warrant. Sheriff Glover in his affidavit, a copy of which is attached hereto as Exhibit "1",

states unequivocally that he had no knowledge of any facts or circumstances related to plaintiffs'

claims and did not directly or personally participate in any way in the incident made the basis of

plaintiffs' complaint.

Reasonable law enforcement officers who possessed the same information and encountered

the same circumstances as Defendant Lamar Glover **could have believed** (and probably would have

accurately believed) that he as Sheriff had the right to expect his deputies to comply with the law in

the obtaining of and execution of a search warrant. Therefore, Defendant Sheriff Glover is entitled

to qualified immunity and for this Court to dismiss plaintiffs' claims or in the alternative is entitled to

the entry of summary judgment in his favor.

III.    **PLAINTIFFS' STATE LAW CLAIMS AGAINST SHERIFF LAMAR GLOVER INDIVIDUALLY AND AS SHERIFF OF HOUSTON COUNTY ARE DUE TO BE DISMISSED.**

With regard to all of the state law claims of the plaintiff alleged against Sheriff Glover the law regarding the immunity of state officers such as the Defendant is clearly stated by the Supreme Court of Alabama in <u>Alexander v. Hatfield</u>, 652 So.2d 1142 (1994). In <u>Alexander</u>, Deputy Hatfield was sued in her official and individual capacities for alleged wrongful conduct while on duty as a Deputy Sheriff. In that case, the Court in ruling that Deputy Hatfield was immune from suit in both her individual and official capacities held that "[state officers and employees, in their official capacities <u>and individually</u>, also are absolutely immune from suit when the action is, in effect, one against the State." (emphasis added)

With regard to the only exceptions to said immunity the Court in <u>Alexander v. Hatfield</u>, 652 So.2d 1142 (1994), held that

> Under Article I, § 14, of the Alabama Constitution of 1901, the <u>only</u> exceptions to the sovereign immunity of sheriffs are actions brought
>
> '(1) <u>to compel</u> him to perform his duties, (2) to compel him to perform ministerial acts, (3) <u>to enjoin</u> him from enforcing unconstitutional laws, (4) <u>to enjoin</u> him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) <u>to seek construction of a statute</u> under the Declaratory Judgment Act if he is a necessary party of the construction of the statute.' (emphasis added)

<u>Alexander v. Hatfield</u>, 652 So.2d 1142 (1994).

With regard to whether Deputy Hatfield was acting within her authority, the Court in <u>Alexander v. Hatfield</u>, 652 So.2d 1142 (1994), went on to hold that

> ...none of the exceptions set out...applies. Deputy Hatfield was on duty when she left the papers at Alexander's place of employment. Therefore, the summary judgment in

favor of Deputy Hatfield, individually and in her official capacity, was proper, based on the sovereign immunity granted under Article I, § 14, of the Alabama Constitution of 1901. AFFIRMED.

The state law immunity for sheriffs and deputy sheriffs was also addressed by the Alabama Supreme Court in Ex parte Thomas J. Purvis (Re: Akers v. Mobile County, et al.), 689 So.2d 794 (Ala 1996). In that case, the trial judge, ruling on a motion to dismiss, refused to dismiss all of the counts of the plaintiff's complaint as filed against Sheriff Purvis and Deputy Scott. Because the issue of immunity is an issue to be decided by the court as a matter of law, Defendants Purvis and Scott filed petitions for writ of mandamus directing the trial judge to grant their motions to dismiss the remaining counts of the plaintiff's complaint.

In Ex parte Thomas J. Purvis (Re: Akers v. Mobile County, et al.), 689 So.2d 794 (Ala 1996), the plaintiffs alleged that the defendant sheriff and deputy were guilty of willful and intentional conduct. In addressing the merits of the claim the Alabama Supreme Court held as follows:

> It is undisputed that Purvis and Scott were both acting within the line and scope of their employment when Whitt made his escape that led to the shooting of Mrs. Akers. Based on the record, we must conclude that Purvis and Scott have clearly shown that each of them is immune from suit under the provisions of Art. I, § 14, Alabama Constitution 1901.
> Although we recognize that this Court, in Spring Hill Lighting did reaffirm the principle that "'a state officer or employee is not protected by § 14 when he acts willfully, maliciously, illegally, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law,'" 662 So.2d at 1148, quoting Phillips v. Thomas, 555 So.2d 81, 83 (Ala. 1989), none of the exceptions to sovereign immunity listed in Spring Hill Lighting applies here. In the first place, Spring Hill Lighting did not deal with claims against a sheriff and a deputy sheriff or other constitutional officer, but instead dealt with "intentional wrongful conduct by persons involved in the bidding process," 662 So.2d at 1147, involving state employees in the State Docks Department who allegedly intentionally rigged bid specifications to favor products provided by one manufacturer over seemingly comparable products provided by other manufacturers, in violation of the competitive bid law. Although in the present case the plaintiffs allege that Sheriff Purvis and Deputy Scott intentionally failed to follow proper procedures for approaching, detaining, and apprehending

dangerous fugitives, we cannot conclude that these defendants' claims of immunity must fail. Cf. Karrick v. Johnson, 659 So.2d 77, 79 (Ala. 1995) (upholding the defense as to claims for money damages, when interposed by a sheriff in a case involving allegations of malicious prosecution and false imprisonment against a deputy sheriff). In Karrick, this Court reiterated the limited circumstances in which a sheriff and a sheriff's deputy are amenable to suit, in light of Art. I, § 14, Alabama Constitution 1901. Also, see, Ex Parte Franklin County Department of Human Resources, supra, which, addressing a claim for money damages against a state agency for "maliciously, willfully and/or wantonly and/or without probable cause" instituting a paternity action (674 So.2d 1278), held such a claim to be barred under Art. I, § 14.

In Alexander v. Hatfield, 652 So.2d 1142 (Ala. 1994), this Court held that a deputy sheriff is afforded the same immunity from suit as a sheriff in regard to claims for monetary damages stemming from activities performed while working in the line and scope of his or her employment.

Based on the foregoing, the petitions are due to be granted.
MOTIONS TO DISMISS PETITIONS DENIED; WRITS GRANTED.

The CONCURRENCE of Justice Houston who concurred specially further explains the

decision of the court.  Justice Houston states that

> The wall of 'government immunity' [i.e., sovereign immunity under Art. I, § 14, Constitution of Alabama of 1901] is almost invincible, made so by the people through their Constitution as interpreted by this Court."
> Hutchinson v. Board of Trustees of University of Alabama, 288 Ala. 20, 24, 256 So.2d 281, 284 (1971).
> In Parker v. Amerson, 519 So.2d 442, 442-43 (Ala. 1987), this Court specifically held:
>> "Under Article I, § 14, Alabama Constitution of 1901, [the only exceptions to the sovereign immunity of a sheriff are actions] brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute."2

Accord, Karrick v. Johnson, 659 So.2d 77, 79 (Ala. 1995); Alexander v. Hatfield, 652 So.2d 1142, 1143-44 (Ala. 1994); Drain v. Odom, 631 So.2d 971, 972 (Ala. 1994); King v. Colbert County, 620 So.2d 623, 626 (Ala. 1993); Boshell v. Walker County Sheriff, 598 So.2d 843, 844 (Ala. 1992); and Hereford v. Jefferson County,

586 So.2d 209, 210 (Ala. 1991).

> In this case, the plaintiffs are <u>not seeking injunctive relief</u> or a declaration under the Declaratory Judgment Act. Rather, they are seeking money damages. Therefore, none of the exceptions to a sheriff's or deputy sheriff's sovereign immunity under Art. I, § 14, of the Constitution applies. Purvis and Scott are entitled to immunity from the claims presented against them.
>
>> Therefore, I concur to grant the petitions for the writ of mandamus. (emphasis added) <u>Ex parte Thomas J. Purvis (Re: Akers v. Mobile County, et al.),</u> 689 So.2d 794 (Ala 1996).

Another case applying the same rule of law is <u>Karrick v. Johnson,</u> 659 So.2d 77 (Ala. 1995). In that case, the plaintiff sued Deputy Roger Johnson, for malicious prosecution and two counts of false imprisonment. Citing <u>Alexander,</u> *supra,* the Court in <u>Karrick v. Johnson,</u> 659 So.2d 77 (Ala. 1995), held once again that none of the injunctive relief action exceptions to the state officers immunity were applicable and therefore the trial courts granting of Johnson's motion to dismiss was proper.

A more recent pronouncement of the absolute state law immunity given to sheriffs individually as well as in their official capacities, is found in <u>Ex parte Bryan Davis,</u> 930 So.2d 497 (Ala. 2005). In that case the plaintiff Cain sued Deputy Davis in his official and individual capacities, alleging false imprisonment, assault and battery, the tort of outrage, wantonness, negligence, trespass, conversion, and various civil-rights violations.

Deputy Davis made a motion to dismiss the plaintiff's claims against him individually and in his official capacity on the ground that he is immune from liability for monetary damages under *Art. I, § 14, Constitution of Alabama 1901.* The trial court denied Deputy Davis's motion to dismiss. Deputy Davis then answered Cain's complaint and moved the trial court to reconsider his motion to dismiss based on State immunity. After the circuit court refused to reconsider his motion, Deputy Davis petitioned the Alabama Supreme Court for a writ of mandamus.

The Court in Davis found and held as follows:

> The writ of mandamus is an extraordinary legal remedy. <u>Ex parte Mobile Fixture & Equip. Co.</u>, 630 So. 2d 358, 360 (Ala. 1993). Therefore, this Court will [*5] not grant mandamus relief unless the petitioner shows: (1) a clear legal right to the order sought; (2) an imperative duty upon the trial court to perform, accompanied by its refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the Court. See <u>Ex parte Wood</u>, 852 So.2d 705, 708 (Ala. 1993).

> Deputy Davis petitions this Court for a writ of mandamus directing the circuit court to dismiss the remaining counts of Cain's complaint against him on the basis of State immunity. Davis argues that he is entitled to immunity under Art. I, § 14, Const. of Ala. 1901, because, he says, Cain's remaining claims seek to recover monetary damages for acts Deputy Davis performed while he was working within the line and scope of his employment as a deputy sheriff for the State of Alabama. "If an action is an action against the State within the meaning of § 14, such a case 'presents a question of subject-matter jurisdiction, which cannot be waived or conferred by consent.'" <u>Haley v. Barbour County</u>, 885 So. 2d 783, 788 (Ala. 2004) (quoting <u>Patterson v. Gladwin Corp.</u>, 835 So. 2d 137, 142-43 (Ala. 2002)). [*6] "Therefore, a court's failure to dismiss a case for lack of subject-matter jurisdiction based on sovereign immunity may properly be addressed by a petition for the writ of mandamus." <u>Ex parte Alabama Dep't of Mental Health & Retardation</u>, 837 So. 2d 808, 810-11 (Ala. 2002).

The Court went on to hold that

> Article I, § 14, Const. of Ala. 1901, states that "the State of Alabama shall never be made a defendant in any court of law or equity." "The wall of immunity erected by § 14 is nearly impregnable," <u>Patterson</u>, 835 So. 2d at 142, and bars
> (1) claims against the State,
> (2) claims against a State agency,
> (3) claims against a state official or employee sued in his official capacity as an agent for the State, and
> (4) claims against a state official or employee sued in his individual capacity.

The remaining counts of Cain's complaint allege that Deputy Davis, in his individual capacity, is liable for monetary damages.

When determining whether a State interest in an action against a State official or employee in his or her individual capacity is sufficient to trigger the immunity granted by § 14, our cases distinguish between the standards applied to those state agents or employees whose positions exist by virtue of legislative pronouncement and those who serve as the constitutional officers of this State. We have held that State-agent immunity may bar an action against a State agent or employee under the principles announced in Ex parte Cranman, 792 So.2d 392 (Ala. 2000). [*9] See Ex parte Butts, 775 So. 2d 173 (Ala. 2000) (adopting, by majority, the Cranman restatement of the rule governing State-agent immunity). However, this Court has consistently held that a claim for monetary damages made against a constitutional officer in the officer's individual capacity is barred by State immunity whenever the acts that are the basis of the alleged liability were performed within the course and scope of the officer's employment. *See*, e.g., Boshell v. Walker County Sheriff, 598 So. 2d 843, 844 (Ala. 1992)("a sheriff, as an executive officer of the State of Alabama, is immune, under Article I, § 14, of the Alabama Constitution, from suit based on state law claims arising out of the execution of the duties of his office").

"In general, the acts of the deputy sheriff are the acts of the sheriff." Mosely v. Kennedy, 245 Ala. 448, 450, 17 So. 2d 536, 537 (1944). Thus, "it is logical that those acts should enjoy the same immunity covering the sheriff's own acts." Carr v. City of Florence, 916 F.2d 1521, 1526 (11th Cir. 1990). Accordingly, "an action against a sheriff -- or a deputy sheriff [*10] -- for damages arising out of the performance of his duties is '"essentially a suit against the state."'" Ex parte Blankenship, 893 So. 2d 303, 305 (Ala. 2004)(quoting Parker v. Amerson, 519 So. 2d 442, 445 (Ala. 1987), quoting in turn Montiel v. Holcombe, 240 Ala. 352, 354, 199 So. 245, 245 (1940)).

Cain does not allege that Deputy Davis's actions were undertaken for some personal motive to further some personal interest and not as a part of his duties as a deputy sheriff. Instead, in his answer to Deputy Davis's mandamus petition, Cain concedes that Deputy Davis came to his property on March 3, 2003, "during the course of his duties." Because "uncontroverted averments of fact stated in an answer [to a mandamus petition] should be taken as true," Ex parte Sharpe, 513 So. 2d 609, 610 (Ala. 1987), Cain's claims against Deputy Davis are barred by the doctrine of State immunity.

"Under Article I, § 14, of the Alabama Constitution of 1901, the only exceptions to the sovereign immunity of sheriffs are actions brought

"'(1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.'"

Alexander v. Hatfield, 652 So. 2d 1142, 1143 (Ala. 1994) [*12] (quoting Parker v. Amerson, 519 So. 2d at 443). Cain does not seek injunctive or declaratory relief for the actions he alleges were beyond Deputy Davis's authority. Therefore, none of the exceptions to State immunity apply to this case. See Alexander v. Hatfield; Karrick v. Johnson, 659 So.2d 77 (Ala. 1995). Accordingly, we grant Deputy Davis's petition for the writ of mandamus and direct the circuit court to dismiss the remaining counts of Cain's complaint.

Ex parte Jason Lowell Blankenship, 893 So. 2d 303 (Ala. 2004), is another absolute immunity case that involves claims against a deputy sheriff in his individual capacity. In that case the court held as follows:

Deputy Blankenship argues that he "has absolute immunity under Article I, § 14 of the Alabama Constitution of 1901, from the claims alleged against him in the complaint." Petition, at 6.

It is well established that mandamus will lie to compel the dismissal of a claim that is barred by the doctrine of sovereign immunity. Ex parte McWhorter, [Ms. 1021638, Oct. 24, 2003] ___ So. 2d ___, ___, 880 So. 2d 1116, 2003 Ala. LEXIS 321 at *1 (Ala. 2003); Ex parte Alabama Dep't of Mental Health & Mental Retardation, 837 So. 2d 808, 810 (Ala. 2002); Ex parte Butts, 775 So.2d 173, 176 (Ala. 2000); see also Ex parte Haralson, 871 So.2d 802, ___, 2003 Ala. LEXIS 219 at *2 (Ala. 2003). Where it is undisputed that a deputy sheriff is "acting within the line and scope of his employment ... at the time [he is involved in an automobile] accident" with the plaintiff, § 14, Ala. Const. 1901, bars an action [**4] against the deputy sheriff for damages arising out of the accident. Ex parte McWhorter, ___ So.2d at ___, 2003 Ala. LEXIS 321 at *2. This is so, because an

action against a sheriff -- or a deputy sheriff -- for damages arising out of the performance of his duties is "'essentially a suit against the state.'" Parker v. Amerson, 519 So. 2d 442, 445 (Ala. 1987) (quoting Montiel v. Holcombe, 240 Ala. 352, 354, 199 So. 245, 245 (1940)); accord Drain v. Odom, 631 So. 2d 971, 972 (Ala. 1994) ("deputy sheriffs are immune to the same extent as sheriffs").

Here, it is alleged in the complaint and admitted in the answer that Deputy Blankenship was acting in the line and scope of his duties at the time of the accident. Of course, in reviewing a motion to dismiss, the Court "'must accept the allegations of the complaint as true.'" Ex parte Alabama Dep't of Youth Servs., 880 So. 2d 393, ___, 2003 Ala. LEXIS 316 at *5 (Ala. 2003) (emphasis added) (quoting Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So. 2d 285, 288 (Ala. 2002)). Thus, an action against Deputy Blankenship based on this complaint is barred by § 14, and [**5] the trial court erred in denying the motion to dismiss.

The court went on to hold that not only should the case have been dismissed, but also that the court did not have "subject matter jurisdiction" to do anything but dismiss the case. In so doing the court in Blankenship states as follows:

Because the complaint purported to effect an action against the State in violation of § 14, Ala. Const. 1901, the trial court acquired no [*307] subject-matter jurisdiction over this action. "'Lacking subject matter jurisdiction [a court] may take no action other than to exercise its power to dismiss the action ... Any other action taken by a court lacking subject matter jurisdiction is null and void.'" State v. Property at 2018 Rainbow Drive, 740 So. 2d 1025, 1029 (Ala. 1999) (quoting Beach v. Director of Revenue, 934 S.W.2d 315, 318 (Mo. Ct. App. 1996)).

## IV.    PLAINTIFFS' STATE AND FEDERAL LAW CLAIMS ARE DUE TO BE DISMISSED AS THERE IS NO DISPUTED FACT THAT SHERIFF GLOVER DID NOT PARTICIPATE DIRECTLY IN THE EVENTS ALLEGED IN PLAINTIFFS' COMPLAINT.

With regard to the liability of the Sheriff, who as with Sheriff Lamar Glover in this case, was not personally involved in the factual situation made the basis of Plaintiffs' Complaint, the Court in

<u>White v. Birchfield</u>, 582 So.2d 1085 (Ala. 1991), held that

      The sole claim of liability against the Sheriff's Department and, allegedly Sheriff Morgan, is respondeat superior. White alleges no personal involvement of Sheriff Morgan. In <u>Parker</u>, this Court held that a sheriff was a state officer and, therefore, was immune from suit based upon alleged negligence in executing his discretionary duties of hiring a jailer. <u>Parker</u>, 519 So.2d at 446.

      In <u>Montiel v. Holcombe</u>, 240 Ala. 352, 199 So.245 (1940), a suit brought against the sheriff of Mobile County to enjoin a prosecution, the defendant sheriff argued that 'the suit was one essentially against the state, in that it [was] brought against the named officers whose official duties required them to perform the acts which the bill sought to enjoin.' <u>Id</u>. at 354, 199 So. at 246. In affirming the trial court's dismissal of the action, this court stated:

      The state has a manifest interest in and concern for the observance and enforcement of its criminal laws, and in the freedom of its officers to perform their duty in the detection of offenses and offenders against its laws. To restrain the sheriff and his deputies in that regard impinges upon--brings into question--the powers of the state itself. <u>Fitts v. McGhee</u>, 172 U.S. 516, 19 S. Ct. 269, 43 L. Ed at 535. <u>Id</u>. (quoting <u>Ex parte State ex rel. Martin</u>, 200 Ala. 15, 75 So.327 (1917)).

      We hold that <u>Parker</u> stands for the proposition that the sheriff cannot be held liable under the theory of respondeat superior for the actions of his jailer because he is an officer of the state and the hiring of the jailer is one of his official duties. Thus, he is immune from this type of suit under Article I, § 14, Alabama Constitution of 1901. It follows that Sheriff Morgan is immune from liability based upon a theory of respondeat superior for the actions of his deputy, Birchfield.

      Under the facts as stated in Plaintiffs' Complaint and as unequivocally stated in Sheriff Glover's affidavit, Sheriff Lamar Glover, as sued in his individual capacity, is entitled to qualified immunity from suit. *See* <u>Lassiter v. Alabama A&M Univ.</u>, 28 F.3d 1146 (11th Cir 1994) (en banc); and <u>Behrens v. Pellietier</u>, 116 S. Ct. 834 (1996). Plaintiffs' Complaint in this case does not allege that Sheriff Glover participated directly in any alleged constitutional violation. Plaintiffs' Complaint does not contain any allegations of an affirmative causal link between Sheriff Glover's alleged

conduct and the alleged constitutional deprivation. *See* Hardin v. Hayes, 957 F.2d 845, 848 (11th Cir. 1992); and Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). In Hardin v. Hayes, 957 F.2d 845, 848 (11th Cir. 1992), the court held that

> A supervisor may be liable under section 1983 if he or she participates directly in acts constituting a constitutional violation, or if the challenged actions are causally connected to a constitutional violation, H.C. v. Jarrard, 786 F.2d 1080, 1086-87 (11th Cir.1986). However, the record before us, viewed in the light most favorable to Hardin, reflects no action by Chief Morris that  violated the Decedent's constitutional rights....Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability. *See* Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir.1986). Supervisory officials "cannot be held liable under section 1983 for having the 'mere right to control without any control or direction having been exercised.'" Gilmere v. Atlanta, 774 F.2d 1495, 1504 (11th Cir.1985) (en banc), cert. denied, 476 U.S. 1115, 106 S. Ct. 1970, 90 L. Ed. 2d 654 (1986) (quoting Monell, 436 U.S. at 694 n. 58, 98 S. Ct. at 2037 n. 58).

It appears that the plaintiffs are attempting to hold Sheriff Glover directly liable for the alleged acts of deputy sheriffs.  Under § 1983, however, a supervisor may not be held liable for a constitutional violation on the basis of respondeat superior, but only by reason of his or her wrong behavior.  Fundiller v. City of Cooper City, 777 F.2d 1436, 1443 (11th Cir. 1985).

Therefore, Plaintiffs' claims against Defendant Lamar Glover are due to be dismissed and Sheriff Glover is entitled to have a summary judgment entered in for him individually and in his official capacity as Sheriff.

V.    **PLAINTIFFS' CLAIMS ASSERTED AGAINST SHERIFF LAMAR GLOVER IN HIS OFFICIAL CAPACITY ARE DUE TO BE DISMISSED AND SUMMARY JUDGMENT GRANTED AS A MATTER OF LAW AS STATE OFFICERS SUCH AS SHERIFF'S ARE NOT PERSONS SUBJECT TO LIABILITY UNDER § 1983.**

States and state officials, such as Sheriff Lamar Glover, acting in their official capacities are not "persons" subject to liability under *42 U.S.C.* § 1983. Will v. Michigan Department of State Police, ___U.S. ___, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

VI.    **PLAINTIFFS' STATE LAW AND FEDERAL LAW CLAIMS ARE DUE TO BE DISMISSED AS THE DEFENDANT HOUSTON COUNTY SHERIFF'S DEPARTMENT AS A MATTER OF LAW IS NOT A LEGAL ENTITY SUBJECT TO SUIT.**

In Alabama, a county sheriff's department is not a legal entity subject to suit. Therefore, a cause of action cannot be brought against them. *See* King v. Colbert County, 620 So.2d 623, 626 (Ala. 1993); White v. Birchfield, 582 So.2d 1085, 1087 (Ala. 1991). Therefore, Defendant's Motion to Dismiss or in the Alternative for Summary Judgment with respect to the state law claims and the federal law claims against the Houston County Sheriff's Department is due to be granted.

VII.    **PLAINTIFF'S COMPLAINT IS DUE TO BE DISMISSED WITH REGARD TO THE STATE LAW AND FEDERAL LAW CLAIMS ASSERTED BY PLAINTIFF AGAINST THE DEFENDANT SHERIFF LAMAR GLOVER BASED ON THE ABSOLUTE IMMUNITY GIVEN BY ALA CODE § 6-5-338.**

The *Code of Alabama* § 6-5-338 (1975 as amended) provides that:

> (a)  Every peace officer, except constables, who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as such peace officer by the state [or]

a county or municipality thereof, or by an agency or institution, corporate or otherwise, created pursuant to the Constitution or laws of this state and authorized by the Constitution or laws to appoint or employ police officers or other peace officers, and whose duties prescribed by law, or by the lawful terms of their employment or appointment, include the enforcement of, or the investigation and reporting of violations of, the criminal laws of this state, and who is empowered by the laws of this state to execute warrants, to arrest and to take into custody persons who violate, or who are lawfully charged by warrant, indictment, or other lawful process, with violations of, the criminal laws of this state, shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties. *Code of Alabama* (1975) § 6-5-338(a)

It is undisputed, that sheriffs and deputy sheriffs are employed by the state of Alabama and act as state law enforcement officers. The duties of sheriffs and deputy sheriffs involve the enforcement and investigation of violations of state law. All of the alleged actions in the present case are alleged to be part of a law enforcement function and are alleged to have been within the line and scope of the officers' law enforcement duties. Therefore, Defendant is entitled to total statutory immunity from any liability arising out of or based on the allegations of Plaintiffs' Complaint.

## CONCLUSION

Defendants Houston County Sheriff Lamar Glover and Houston County Sheriff's Department's Motion to Dismiss or in the Alternative for Summary Judgment are due to be granted on the facts and arguments submitted herein. Said Defendant respectfully requests this Honorable Court to issue an Order granting Defendant's Motion to Dismiss or in the Alternative for Summary Judgment and dismissing all claims of the Plaintiffs in the above-styled action.

Respectfully submitted this the 17th day of November, 2006.

                                        **s/Gary C. Sherrer**
                                        GARY C. SHERRER, ATTORNEY FOR
                                        THE ABOVE-REFERENCED DEFENDANTS
                                        Alabama Attorney Code No. SHE-016

OF COUNSEL:

SHERRER, JONES & TERRY, P.C.
335 WEST MAIN STREET
DOTHAN, ALABAMA 36302
(334) 678-0100

### **CERTIFICATE OF SERVICE**

I, Gary C. Sherrer, hereby certify that on this 17th day of November, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Richard H. Ramsey, IV, Esq.          Michael Guy Holton, Esq.
        P.O. Box 6595                         2779 Old Carter Hill Road
        Dothan, Alabama 36302                 Pike Road, Alabama 36064

                                        **s/Gary C. Sherrer**
                                        OF COUNSEL

G:\GCS\BRIEFS\COUNTY\J&A BF-SHF.doc