## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MARY JONES and JOSEPH ALFORD,** )<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**HOUSTON COUNTY SHERIFF'S** )<br>**DEPARTMENT, et al.,** )<br>)<br>**Defendants.** ) | **CIVIL ACTION NO.: 1:06-cv-585-WHA** |

## DEFENDANT LAMAR GLOVER'S REPLY BRIEF
## (RE: DEFENDANT LAMAR GLOVER'S MOTION TO DISMISS
## OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT)

COMES NOW the Defendant Lamar Glover and replies to Plaintiffs' Opposition to his

Motion to Dismiss or in the Alternative Motion for Summary Judgment and states as follows:

## ARGUMENT

I.    PLAINTIFFS DO NOT COME FORWARD WITH SPECIFIC FACTS THAT THERE IS
      A GENUINE ISSUE FOR TRIAL.

      A.    LEGAL STANDARD NOT MET.

      Plaintiffs' Response to Defendant Sheriff Lamar Glover and Houston County Deputy [sic]

Sheriff's Department's Motion to Dismiss or in the Alternative Motion for Summary Judgment

---

**DEFENDANT LAMAR GLOVER'S REPLY BRIEF**                              **PAGE 1 OF 6**

("Plaintiffs' Response") does not set forth facts showing that there is a genuine issue for trial.

> When the moving party has carried its burden under
> Rule 56(c), its opponent must do more than simply
> show that there is some metaphysical doubt as to the
> material facts. (Citations omitted) In the language of
> the rule, the nonmoving party must come forward
> with 'specific facts that there is a genuine issue for
> trial.' (Citations omitted)  Where the record as a
> whole could not lead a rational trier of fact to find for
> the nonmoving party, there is no 'genuine issue for
> trial.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp, 475 U.S. 574, 586-587, 89 L. Ed. 2d 538, 106

S.Ct. 1348 (1986).


    B.    PLAINTIFFS' ARGUMENT THAT SHERIFF GLOVER MUST HAVE
PARTICIPATED DIRECTLY BECAUSE THE SEARCH WARRANT WAS
DIRECTED TO HIM IS CONTRARY TO LAW AND PRACTICE.

The Statement of Disputed Facts as to Defendant Glover's portion of Plaintiffs' Response

appears to contain factual and legal argument rather than a statement of facts. Plaintiffs' statement

of facts argue in effect that the Sheriff had to be present when the search warrant was executed

because "for purposes of the search warrant, Defendant Glover was expressly the only person or

entity ordered, commanded, and authorized to execute the search warrant." Plaintiffs' Response,

Document 29, Page 3. Plaintiffs go on to argue that

> Defendant Glover must have had knowledge of the search warrant
> and he must have given some direction or delegation as to the
> execution of the search warrant.  If Defendant Glover had no
> involvement or knowledge, directly or indirectly, then the warrant

directed to Defendant Glover commanding him to execute the same would thus render the search an unauthorized search.  Plaintiffs' Response, Document 29, Page 4.

Plaintiffs' argument fails to recognize the well established law related to who may execute a search warrant when such warrant is directed to the Sheriff.  ALA. CODE§ 15-5-1 defines a search warrant as

> an order in writing in the name of the state signed by a judge, or by a magistrate authorized by law to issue search warrants, And directed to the sheriff or to any constable of the county, commanding him to search for personal property and bring it before the court issuing the Warrant.

The requirement that a search warrant be directed to a Sheriff is twice more repeated in the Alabama statutes.  ALA. CODE § 15-5-5 governs the issuance of a search warrant as follows:

> If the judge or magistrate is satisfied of the existence of the grounds of the application or that there is probable ground to believe their existence, he must issue a search warrant signed by him and directing to the sheriff or to any constable of the county, commanding him forthwith to search the person or place named for the property specified and to bring it before the court issuing the warrant.

ALA. CODE § 15-5-6 provides a form for search warrants which, in pertinent part, reads: "To the sheriff or any constable of_____ county."  In addition to these statutory directives, the ALA. CODE § 15-5-7 clearly identifies those who are authorized to execute a search warrant:

> A search warrant may be executed by any one of the officers to whom it is directed, but by no other person except in aid of such officer at his request, he being present and acting in its execution.

Thus, the provisions of the Alabama Code which deal specifically with the question of who may

execute a search warrant limit the issuance and execution of search warrants to county sheriffs or constables. Here, the search warrant was issued by a state judge pursuant to state law and was directed to a state officer, Sheriff Lamar Glover.

A search warrant may be executed by (1) the person to whom the warrant is directed; (2) any officer authorized by law to execute search warrants; or (3) some other person aiding a person under (1) or (2) who is present and acting in the execution of the warrant. The Eleventh Circuit Court of Appeals in United States of America v. Ofshe, 817 F.2d 1508, 1513-1514 (11th Cir. 1987), specifically held that "[a] search warrant can be executed by the person to whom a warrant is directed or to any officer authorized by law to execute search warrants." The warrant in this case was indeed executed by one or more deputy sheriffs as officers authorized by law to execute search warrants.

C.    PLAINTIFFS' ARGUMENT THAT SHERIFF GLOVER WAS PRESENT BY PROXY IS INSUFFICIENT TO ESTABLISH AS A MATTER OF LAW THAT SHERIFF GLOVER PARTICIPATED DIRECTLY IN ACTS CONSTITUTING A CONSTITUTIONAL VIOLATION.

Plaintiffs' conclude their statement of facts as follows:

> Additionally, the deputies that acted and or omitted to act were one and the same as Defendant Sheriff Lamar Glover because the acts of a deputy are legally perceived as though the Sheriff had performed those acts personally. Therefore, any and all acts or omissions that are claimed are also claimed against Sheriff Lamar Glover and are contrary to his averments in his Affidavit, he was personally and directly involved by his proxy that were legally him.

Plaintiffs' arguments appear to be an effort to misconstrue the fact that the court in Terry v. Cook,

866 F.2d 373, 377 (11th Cir. 1989), held that sheriff's deputies were the "alter ego" of the sheriff. Plaintiffs would have this Court interpret Terry as meaning that if the search warrant was executed by the sheriff's deputies, that the sheriff was present by "proxy" sufficient to undercut the well established law that a supervisor may not be held liable for a constitutional violation on the basis of respondeat superior, but only by reason of his or her wrong behavior. Fundiller v. City of Cooper City, 777 F.2d 1436, 1443 (11th Cir. 1985). For a more detailed legal argument regarding same, Sheriff Glover refers this Court to his Brief heretofore filed in this case. *See* Brief in Support, Document 25, Pages 23-25.

D.    PLAINTIFFS' STATE LAW IMMUNITY ARGUMENT DOES NOT DEPRIVE SHERIFF GLOVER OF HIS STATE LAW IMMUNITY IN THIS CASE.

Plaintiffs' acknowledge that sheriffs have immunity under state law in Alabama. Plaintiffs' thereafter appear to attempt to fit the facts of this case into one of the exceptions to that immunity – that is, an action "to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law." Plaintiffs Response, Document 29, Page 5-6.

Because the plaintiffs' complaint is one for monetary damages and does not make a claim for equitable relief or for declaratory judgment for the construction of a statute, Sheriff Glover is entitled to absolute state law immunity with regard to the state law claims of the plaintiffs.

# CONCLUSION

Defendant Houston County Sheriff Lamar Glover's Motion to Dismiss or in the Alternative for Summary Judgment is due to be granted on the facts and arguments submitted herein. Said

Defendant respectfully requests this Honorable Court to issue an Order granting Defendant's Motion to Dismiss or in the Alternative for Summary Judgment and dismissing all claims of the Plaintiffs in the above-styled action.

Respectfully submitted on this 18th day of December, 2006.

**s/Gary C. Sherrer**
GARY C. SHERRER, ATTORNEY FOR THE
ABOVE-REFERENCED DEFENDANTS
Alabama Attorney Code No. SHE-016

OF COUNSEL:

SHERRER, JONES & TERRY, P.C.
335 WEST MAIN STREET
DOTHAN, ALABAMA 36302
(334) 678-0100

**CERTIFICATE OF SERVICE**

I, Gary C. Sherrer, hereby certify that on this 18th day of December, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard H. Ramsey, IV, Esq.          Michael Guy Holton, Esq.
P.O. Box 6595                        2779 Old Carter Hill Road
Dothan, Alabama 36302                Pike Road, Alabama 36064

**s/Gary C. Sherrer**
OF COUNSEL
