IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY JONES and JOSEPH ALFORD, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>HOUSTON COUNTY SHERIFF'S )<br>DEPARTMENT and LAMAR GLOVER )<br>)<br>Defendants. ) | Civil Action No. 1:06-cv-585-WHA<br><br>(WO) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion to Dismiss or in the Alternative for Summary Judgment (Doc. #24), filed by Defendants Houston County Sheriff's Department and Lamar Glover on November 17, 2006. Plaintiffs Mary Jones and Joseph Alford originally filed a Complaint (Doc. #1) in this court on June 30, 2006, alleging the following claims against both the Houston County Sheriff's Department and Lamar Glover, individually and in his official capacity as Sheriff of Houston County, Alabama, as well as several other named and unnamed defendants: (1) a federal claim alleging a violation of rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States, based on use of excessive force, actionable under 42 U.S.C. §1983; and state law claims for (2) false imprisonment, (3) assault and battery, and (4) intentional infliction of emotional distress. On August 25, 2006 and November 7, 2006, this court entered orders dismissing all other named and unnamed defendants, leaving only the Houston County Sheriff's Department and Lamar Glover as defendants in this action.

Because both plaintiffs and defendants have submitted additional evidence in the form of affidavits upon which their briefs rely, the court agrees with the position taken by Plaintiffs in their brief (Plaintiffs' Response to Defendants' Motion, p. 2) and will address this motion under the summary judgment standard, as opposed to the standard for a motion to dismiss under Fed. R. Civ. P. 12(b). For reasons to be discussed, with regard to both the Houston County Sheriff's Department and Lamar Glover, the Motion for Summary Judgment is due to be GRANTED, in part, and DENIED, in part.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324.  To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor.  *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### III.  FACTS

The court has reviewed the submissions of the parties, has heard oral argument on this Motion, and considers the following facts, viewed in a light most favorable to the nonmovants:

The Plaintiffs allege that, on or about January 18, 2006, certain unidentified members of the Houston County Sheriff's Department, while acting under color of authority, forcefully entered the residence of the Plaintiffs.  The Plaintiffs further allege that, under presumed authority of a search warrant that did not entitle the purported officers to use excessive force, the officers damaged their personal and real property, in addition to verbally abusing and physically assaulting them.

The Plaintiffs further described the pertinent events as follows.  During the middle of the night, Plaintiffs were awakened abruptly by "hooded" individuals performing a search of their

home. These individuals entered the Plaintiffs' bedroom and held them at gunpoint. Initially, the Plaintiffs were unaware that any of the individuals were sheriff's deputies. During this search, the individuals verbally degraded the Plaintiffs, using racially-charged expletives. The individuals conducted the search in a haphazard manner, leaving the house in disarray and unnecessarily causing damage to personal property, as well as the Plaintiffs' home and automobiles. During the course of this search, Plaintiff Joseph Alford recognized a Houston County Sheriff's Department vehicle outside of the home and inquired about the nature of the search. An unidentified sheriff's deputy stated that he was "observing."

Because of the physical nature of the search, Plaintiff Mary Jones was transported to a local hospital to be treated for hyperventilation syndrome, panic and heart malfunction. Accordingly, the Plaintiffs are seeking actual, compensatory and punitive damages based on the violations of their Constitutional rights, as well as under the state law claims of false imprisonment, assault and battery, and intentional infliction of emotional distress.

## IV. **DISCUSSION**

The Plaintiffs' Complaint alleges numerous counts against the Houston County Sheriff's Department and Lamar Glover, both individually and in his official capacity as Sheriff. In this opinion, the court will address the claims against Defendant Houston County Sheriff's Department, as well as the Section 1983 claim against Defendant Sheriff Lamar Glover, in his official capacity. This discussion will focus only on these claims.

As discussed at oral argument, the court will deny the Defendants' Motion with regard to the remaining claims, without prejudice, thereby giving the Plaintiffs an opportunity to amend their complaint within a specific period of time, if they deem appropriate.

### A. Claims Against the Houston County Sheriff's Department

The Alabama Supreme Court has stated that "[i]t is clear under Alabama law that [a] sheriff's department is not a legal entity subject to suit." *Ex parte Haralson*, 853 So. 2d 928, 931 (Ala. 2003); *see also King v. Colbert County*, 620 So. 2d 623, 626 (Ala. 1993); *White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991). Following that precedent, the Plaintiffs in the present case agree that they cannot maintain any action against the Houston County Sheriff's Department because it is not a legal entity subject to suit. Accordingly, in regard to all claims against the Houston County Sheriff's Department, the Defendants' Motion for Summary Judgment is due to be GRANTED.

### B. Federal Claims Against Lamar Glover in his Official Capacity as Sheriff; Count One - Excessive Force - Violations of Constitutional Rights - Actionable Under 42 U.S.C. §1983[1]

Regarding claims under Section 1983 against Sheriff Glover in his official capacity, the Plaintiffs cannot maintain any such claims due to the lack of subject matter jurisdiction under the Eleventh Amendment. "[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974), *overruled on other grounds by Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Furthermore, "[i]n the absence of consent, a suit in which the State

---

[1] Even though the Plaintiffs assert that the violations of their constitutional rights are actionable under both Sections 1981 and 1983, the court will address this claim as a Section 1983 claim only. Section 1981 provides a remedy for racial discrimination in the making and enforcing of contracts, not for excessive force as alleged in the Complaint. Defendant Lamar Glover is entitled to summary judgment insofar as the Plaintiffs attempt to assert claims under Section 1981.

or one of its agencies or departments is named as the defendants is proscribed by the Eleventh Amendment." *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).

Under Alabama law, it is well-settled that sheriffs are executive officers of the state, and, as a result, suits against a sheriff are considered suits against the state. *Parker v. Amerson*, 519 So. 2d 442, 442-43 (Ala. 1987) ("A sheriff is an executive officer of the State of Alabama. . . ."); *see also McMillan v. Monroe County, Ala.*, 520 U.S. 781, 789 (1997) (holding that, based on an analysis of Alabama law, sheriffs are state officers and suits against them in their official capacity are suits against the state). Accordingly, this court must consider a suit against Lamar Glover in his official capacity as Sheriff of Houston County, Alabama as a suit against the state. Because the Eleventh Amendment bars suits against the state in federal court, in the absence of consent, this court has no jurisdiction to hear any claims for monetary damages against Lamar Glover in this official capacity. Therefore, with regard to the Plaintiffs' Section 1983 claims against Lamar Glover in his official capacity as Sheriff of Houston County, Alabama, the Defendants' Motion for Summary Judgment is due to be GRANTED.

## V. CONCLUSION

Upon consideration of matters presently before the court in this case, it is hereby ORDERED as follows:

1. With regard to all claims against Defendant Houston County Sheriff's Department, the Defendants' Motion to Dismiss or in the Alternative for Summary Judgment is GRANTED.

2. Defendant Houston County Sheriff's Department is DISMISSED as a party Defendant.

3. With regard to all federal claims against Defendant Lamar Glover (Count One) in his official capacity as Sheriff of Houston County, Alabama, the Defendants' Motion to Dismiss or in the Alternative for Summary Judgment is GRANTED.

3. With regard to the remaining claims against Defendant Lamar Glover in his official capacity as Sheriff of Houston County, Alabama, as well as all claims against Defendant Lamar Glover in his individual capacity, the Defendants' Motion to Dismiss or in the Alternative for Summary Judgment is DENIED, without prejudice.

4. The court further grants the Plaintiffs an opportunity to amend their Complaint, so as to comply with the Eleventh Circuit's "heightened pleading" requirement for Section 1983 claims involving a claimed defense of qualified immunity. *See, e.g., GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998). If, after further research into the applicable federal law, the Plaintiffs can state a federal excessive force claim under Section 1983 against Lamar Glover in his individual capacity, in good faith and complying with the strictures of Fed. R. Civ. P. 11, the Plaintiff is given until March 23, 2007 to file an Amended Complaint including such a claim. If no such Amended Complaint is filed by that time, the court will dismiss Count One with prejudice and the state law claims without prejudice, allowing the state law claims to be refiled in state court.

The Plaintiffs' Counsel is reminded that any amended complaint must comply with the requirements of Local Rule 15.1 by being an entire complaint unto itself, with no incorporation of any portion of the original complaint by reference.

Done this 8th day of March, 2007.

            /s/ W. Harold Albritton
            W.  HAROLD ALBRITTON
            SENIOR UNITED STATES DISTRICT JUDGE