IN THE FEDERAL DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

| | |
|---|---|
| MARY JONES and;<br>JOSEPH ALFORD | )<br>)<br>) |
| Plaintiffs, | ) Case No.: 1:06-cv-585<br>) |
| THOMAS FLATHMANN individually and<br>in his official capacity as a Housotn County Sheriff's Deputy, | ) JURY DEMAND<br>)<br>) |
| Defendants. | ) |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### I
### NATURE OF CASE

1.  This civil action is for actual, compensatory and punitive damages arising from the conduct of Defendant and the violation of the Plaintiffs' civil and constitutional rights not to be subjected to unreasonable and injurious searches and or seizures and to enforce the procedural protections guaranteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States and in violation of the Constitution of Alabama.

### II
### JURISDICTION

2.  The jurisdiction of this Court is invoked under Title 28 of the United States Code, Sections 1331, 1343(a)(3); this suit being authorized by Title 42 of the United States Code, Sections 1981 and 1983. Further, the attorneys fees, as demanded herein, are authorized and entitled pursuant to Title 42 Section 1988 (b) of the United States Code.

## III
## PARTIES

3. Plaintiff Mary Jones, at all times material hereto, was a citizen of the United States of America and a resident of Houston County, Alabama and is over the age of nineteen.

4. Plaintiff Joseph Alford, at all times material hereto, was a citizen of the United States of America and a resident of Houston County, Alabama and is over the age of nineteen.

5. Defendant Thomas Flathmann, hereinafter referred to as "Defendant Flathmann", was at all times material hereto, and for purposes mentioned herein, employed by the Houston County Commission as Chairman of the Houston County Commission. He is a resident of the State of Alabama and is over the age of nineteen. He is being sued in his individual and official capacity.

## IV
## FACTUAL ALLEGATIONS

6. On or about January 18, 2006 Defendant Flathmann, and other deputies or law enforcement officers, while acting under color of authority of the Houston County Sheriff's Department, did enter, remain, and destruct Plaintiffs' residence and harass, assault, seize, search and or offend Plaintiffs by intentionally entering Plaintiffs' residence on or about the late evening hours of January 18, 2006 or early morning hours of January 19, 2006 with the intent to alarm, harass, or offend Plaintiffs by conducting a search and or seizure of Plaintiffs' and Plaintiffs' residence, outbuilding(s), and automobile(s) by using excessive force, intimidation, and / or harassment.

7. Defendant Flathmann did, with intent to harass, offend, intimidate, and / or invoke fear or apprehension of *Plaintiffs'* safety and peaceful enjoyment of their home, forcefully and abruptly enter Plaintiffs' residence under presumed authority of a specious search warrant which fails to entitle or authorize anyone to use excessive force, assault and battery, and racial expletives in carrying out the purpose of the search warrant, moreover, the search warrant fails to authorize the destruction of personal and real property.(Please see "Warrant" attached hereto as Plaintiffs' Exhibit "1").

8. The "Search Warrant", Plaintiff's Exhibit 1, fails to authorize anyone other than Houston County Sheriff Lamar Glover to execute the search and or seizure.

9. Defendant Flathmann destructed Plaintiffs' personal property by crashing, destroying, or otherwise demolishing the interior of Plaintiffs' residence, Plaintiffs' automobile(s), and Plaintiffs' outbuilding. (Please see photographs attached hereto as Plaintiffs' Exhibit "2").

10. Defendant Flathmann while acting under assumed color of authority and during the commission of his acts of verbal and physical abuse of Plaintiffs, passionately exclaimed expletives of an offensive and racial nature, to wit: calling Plaintiffs "niggers" and physically assaulting Plaintiffs during his rampage of Plaintiffs' residence.

11. Defendant Flathmann did perform a destructive search of the real and personal property belonging to Plaintiffs and forcefully assault Plaintiffs by pushing, touching, or otherwise physically handling Plaintiffs in an offensive manner to such extent that Plaintiff Mary Jones was required to be transported to a local hospital for medical

treatment of hyperventilation syndrome, panic, and / or heart malfunction caused directly by the acts or omissions of the Defendants. (Please see Discharge Instructions, Southeast Alabama Medical Center, and attached hereto as "Plaintiff's Exhibit 3").

12. At sometime on or about the evening hours or early morning hours of the dates previously stated herein Defendant Flathmann forcefully entered the dwelling of Plaintiffs' without authority and abruptly and roughly awakened Plaintiffs at gunpoint in Plaintiffs' bedroom. The Plaintiffs herein allege that there were approximately 10 officers in their home and surrounding grounds outside.

13. Said search did not produce any incriminating evidence against Plaintiffs nor did the unlawful search produce any person or thing for which the Defendant Flathmann was searching.

14. Plaintiffs' home, automobile(s), outbuilding(s), and surrounding area were left in complete disarray and their personal and real property destructed. The contents of the Plaintiffs' home were strewn all over the house as well the contents of Plaintiffs' outbuilding were strewn in disarray. Further, the interior of Plaintiffs' home and outbuilding were destructed to such extent as to cause Plaintiffs significant expense to repair and replace the personal property and interior portions of their home and outbuilding. Further, Plaintiffs' automobile(s) were damaged, destroyed, and / or destructed to such extent as to require Plaintiffs significant expense to repair.

15. At all times material hereto Defendant Flathmann was employed by Houston County Sheriff's Department.

## V
## CAUSES OF ACTION

A. **Federal Claims: Violation of the Fourth Amendment:**

### EXCESSIVE FORCE

16. Plaintiffs hereby re-allege and incorporate all preceding paragraphs as if fully set out herein.

17. On or about January 18, 2006, Defendant Flathmann, while unlawfully executing and effecting a search of Plaintiffs' property did intentionally and without just and legal cause, exceed and / or abuse their privileged authority by assaulting and battering the Plaintiffs using excessive force, unreasonable force, and / or unskillfulness in affecting the search and carrying out their ministerial duties. Any force used against the Plaintiffs was unreasonable because the situation did not call for unreasonable or deadly force. Moreover, there was no threat of danger to the officers and any custodial control of Plaintiffs was without justification or authority.

18. As a proximate cause of Defendant Flathmann's intentional, unskilled, malicious, contumacious and careless actions or omissions, executed without legal cause, the Plaintiffs' rights were violated under the laws of the State of Alabama and the Constitution of the United States, in particular the Fourth Amendment of the Constitution of the United States of America and their rights under the Constitution of the State of Alabama to be secure in their persons, property, and home from unreasonable searches and seizures.

19. In assaulting, harassing, and battering the Plaintiffs, Defendant Flathmann violated any reasonable measure of discretionary function in carrying out the enforcement of

the search warrant. Further, Defendant Flathmann exceeded any authority by knowingly violating Plaintiffs' Civil Rights.

20. As a direct and proximate result of the above described knowingly, intentional, unlawful, unskilled, and malicious acts or omissions of Defendant Flathmann which were committed under the presumed color of authority, and while acting in such capacity, the Plaintiffs suffered grievous bodily harm and severe pain and extreme emotional distress, all of which is in violation of their rights under the laws and the Constitution of the United States and in particular the Fourth and Fourteenth Amendments thereof and 42 U.S.C. § 1981 and 1983.

21. The Plaintiffs were the victims of punishment administered in a grossly disproportionate manner by Defendant Flathmann to whatever the Defendant might have accused them of. These acts of Defendant Flathmann constituted cruel and unusual punishment and deprived the Plaintiffs of their right to due process of the law under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendment thereof. The assault and battery upon the Plaintiffs by Defendant Flathmann was unwarranted, cruel, unjustifiable, and excessive. There was no acceptable plausible reason for the use any force, much less the excessive forced that was used by Defendant Flathmann against the Plaintiffs.

22. As a further result of the above described acts Defendant Flathmann Plaintiffs were deprived of rights and immunities provided to them under the Constitution and laws of the United States and the State of Alabama including, but not limited to, their rights under the Fourth and Fourteenth Amendments to be secure in their person, to be free from punishment without due process, and to equal protection of the laws of

the United States of America.

23. As of November 9, 2001, it was clearly established in this Circuit that it is unconstitutional for law enforcement officers to violate:

(a) A persons Fourth Amendment right which guarantees everyone the right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, Graham v. Connor, 490 U.S. 386 (1989);

(b) A persons liberty against a persons Fourth Amendment right to be protected against being falsely imprisoned by government officials, Graham v. Connor, 490 U.S. 386 (1989);

(c) Law enforcement officers having a good faith and reasonable belief in the validity of the search warrant may nonetheless incur liability under 42 USC § 1983… if the search warrant is executed in an unreasonable manner… Duncan v. Barnes, 592 F 2d 1336 (5th Cir. 1979).

(d) Police investigative activities are "government programs" under the Americans with Disabilities Act, but only when the circumstances surrounding the activity is "secure" and there is no threat to human safety. Americans with Disabilities Act of 1990, § 12132; Gorman v. Bartch, 152 F3d 907 (C.A. 8 1998); McCray v. City of Dothan, 169 F. Supp. 2d 1260 (M.D. Ala. 2001).

**WHEREFORE** Plaintiffs demand judgment against Defendant Flathmann in an amount deemed reasonable by a jury and in excess of the minimum jurisdictional limits of this Honorable Court for compensatory, actual, and punitive damages, plus attorneys fees and costs associated with the litigation and prosecution of the above styled cause of action.

**B. State Law Claims**

## FALSE IMPRISONMENT

24. Defendant Flathmann did unlawfully detain the Plaintiffs and, with excessive force, caused the Plaintiffs to go where they did not wish to go, and against the Plaintiff's Constitutional right to be informed of the nature and cause of the accusation against them, secured by the Sixth and Fourteenth Amendments to the Constitution of the United States, prevented the Plaintiffs from moving, and placed the Plaintiffs in a position where they could not exercise their will, or go any where they might lawfully go. Plaintiffs were not under arrest nor were Plaintiffs suspected of any enumerated offense. Moreover, Plaintiffs were not the subject of any search warrant and posed no threat of danger to any officer.

25. After entry into the Plaintiffs' home and premises by Defendant Flathmann neither of the Plaintiffs attempted to escape, and were in fear or apprehension of their safety to such degree that Plaintiffs were captivated by the officers intimidation. Defendant Flathmann unskillfully did not inform the Plaintiffs of their rights before assaulting and battering them or before maintaining custody and control of Plaintiffs' free movement.

26. The Plaintiffs were deprived of life, liberty, or property without due process of law, and the right to equal protection of the law, secured by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States.

**WHEREFORE** Plaintiffs demand judgment against Defendant Flathmann in an amount deemed reasonable by a jury and in excess of the minimum jurisdictional limits of this Honorable Court for compensatory, actual, and punitive damages, plus attorneys fees and

costs associated with the litigation and prosecution of the above styled cause of action.

## ASSAULT AND BATTERY

27. Plaintiffs hereby re-allege and incorporate all preceding paragraphs as if fully set out herein.

28. Defendant Flathmann, while acting under presumed color of authority, assaulted and battered the Plaintiffs by unlawfully and forcefully pushing, shoving, or otherwise offensively touching and while holding Plaintiffs at gunpoint placing Plaintiffs in fear and apprehension of their lives, in anger and in a hostile manner, causing Plaintiffs to suffer emotional distress, pain and suffering, and future pain and suffering,

29. As a proximate result of Defendant Flathmann's assault and battery of Plaintiffs, Plaintiffs were caused to suffer injuries of emotional distress, pain and suffering, future pain and suffering, and specifically causing Plaintiff Jones to be transported to a local hospital for medical treatment of heart malfunction, panic, and / or hyperventilation syndrome.

30. As a direct and or proximate result of Defendant Flathmann's intentional assault and battery, Plaintiffs were caused to suffer extreme fear and apprehension, severe emotional distress, pain and suffering, and future pain and suffering.

31. Plaintiffs claim punitive damages due to the willful, knowing, intentional, oppressive, and / or malicious nature of Defendant Flathmann's unreasonable, unskilled, and / or unlawful acts and / or omissions for the emotional distress, and fear for their lives.

**WHEREFORE** Plaintiffs demand judgment against Defendant Flathmann in an amount deemed reasonable by a jury and in excess of the minimum jurisdictional limits of this Honorable Court for compensatory, actual, and punitive damages, plus attorneys fees and costs associated with the litigation and prosecution of the above styled cause of action.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiffs hereby re-allege and incorporate all preceding paragraphs as if fully set out herein.

33. On or about January 18, 2006, while acting under presumed color of authority Defendant Flathmann intentionally, maliciously, oppressively, unskillfully, and / or recklessly caused Plaintiffs to suffer severe emotional distress by inflicting physical pain and suffering, placing Plaintiffs in fear or apprehension of their safety and lives by abruptly waking and holding Plaintiffs at gunpoint, holding Plaintiff's against their will and depriving Plaintiffs of their lawful rights and freedom, physically assaulting Plaintiffs, and subjecting Plaintiffs to unwarranted invasion of their privacy and security within their residence, and directing unwarranted offensive racial expletives against Plaintiffs.

34. Defendant Flathmann's actions toward Plaintiffs were so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.

35. The emotional distress that Defendant Flathmann caused Plaintiffs to suffer was so severe that no reasonable person could be expected to endure it.

36. As a direct and proximate result of Defendants acts and or omissions Plaintiffs claim punitive damages.

  **WHEREFORE,** Plaintiffs demand compensatory, actual, and punitive damages against Defendant Flathmann in an amount in excess of the minimum jurisdictional limits of this Honorable Court and deemed reasonable by a jury, plus costs and reasonable attorneys fees associated with the litigation and prosecution of the above styled cause of action.

<b><u>JURY DEMAND</u></b>

Plaintiffs hereby demand trial by jury on all issues and Counts contained herein.

  **RESPECTFULLY SUBMITTED** this the _____ day of _____ 2007.

| | |
|---|---|
| s/ Michael Guy Holton<br>Michael Guy Holton (HOL106)<br>Co-Counsel for Plaintiffs<br>2779 Old Carter Hill Road<br>Pike Road, Alabama 36064<br>(334) 288-2435<br>gholtonattorney@hughes.net | s/ Richard H. Ramsey, IV<br>Richard H. Ramsey, IV (RAM010)<br>Co-Counsel for Plaintiffs<br>P.O. Box 6595<br>Dothan, Alabama 36302<br>(334) 792-2553<br>RHRamsey@peoplepc.com |

<b><u>CERTIFICATE OF SERVICE</u></b>

  I do hereby certify that I have served a copy of the foregoing this the 14th day of Marcht, 2007 by electronically filing same with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the below listed counsel:

| | |
|---|---|
| Gary C. Sherrer, Esq.<br>Sherrer, Jones, & Terry P.C.<br>335 West Main Street<br>Dothan, Alabama 36301 | Kendrick E. Webb, Esq.<br>Webb & Eley, P.C.<br>P.O. Box 240909<br>Montgomery, Alabama 36124-0909 |

              s/ Michael Guy Holton
              OF COUNSEL

Sworn to and subscribed before me this, the __18th__ day of __January__ 2006.   _____ 3857

_Jerry K. Anders_
Judge, _Circuit_ Court, Houston County, Ala.

# SEARCH WARRANT

THE STATE OF ALABAMA,
HOUSTON COUNTY.

TO THE SHERIFF OF SAID COUNTY:

(a) Proof by affidavit having this day been made before me by Inv. Thomas Flathmann

(b) that he has probable cause to believe and does believe that a black male known as Josh whose name is otherwise unknown to affiant is in possession of Marijuana, Cocaine and US currency at 481 Harvey Hicks Rd. Ashford, Houston County, Alabama.

(c) You are therefore commanded, __in the day or night__ to make immediate search on the person of __Josh, any vehicles and/or outbuildings on the property__ and in and upon the above described

(c) premises for the following property:
Marijuana, Cocaine, US Currency, and drug related paraphernalia

(d) and if you find the same or any part thereof, to bring it forthwith before me, at my office at
Houston County Court House

Dated the __18__ day of __January__ 2006            2005

_Jerry K. Anders_
Judge, _Circuit_ Court, Houston County, Alabama

Plaintiff's Exhibit 2 (1 of 3)





Plaintiffs Exhibit 2 (2 of 3)



Plaintiff's Ex. 2 (3 of 3)



# Southeast Alabama Medical Center
### Emergency Center
### 1108 Ross Clark Circle
### Dothan, AL 36302
### 334-793-8911

Plaintiffs Exhibit 3

**DISCHARGE INSTRUCTIONS FOR:**     **Mary Jones**
**FOR TODAY'S VISIT ON:**                       Wednesday 1/18/2006

Thank you for using Southeast Alabama Medical Center for your care today. The emergency examination and/or treatment you have received is not intended as complete medical care. For your continued care and to avoid possible complications you are advised to follow the discharge instructions.

### X-RAYS and LAB TESTS:
If you had x-rays today they were read by the emergency physician. A radiologist will also read your x-rays within 24 hours. If you had a culture done it will take 24 to 72 hours to get results. If there is a change in the x-ray diagnosis or a positive culture we will contact you. **(Make sure we have your local phone number.)** If you had an electrocardiogram (EKG) taken for emergency evaluation, it will be interpreted initially by the physician on duty in the Emergency Department. An internist will make the final interpretation.

### MEDICATIONS:
If you received a prescription for medication(s) today it is important that when you fill this you let the pharmacists know all the other medications that you are on and any allergies you might have. It is also important that you notify your follow-up physician of all your medications including the prescriptions you may receive today.

**Thanks again for using Southeast Alabama Medical Center for your treatment today. The discharge instructions for today's visit are outlined below.**

Hyperventilation Syndrome

### Special Notes:

Follow up with your doctor for continued problems.

Everyone 65 years and older needs a flu shot every fall. Contact your doctor or county Health Department for places to get the flu shot this season. Ask about the pneumonia shot too.

In our effort to provide the highest quality of care, we ask that you respond to the survey that you will be receiving in the mail. Your feedback is very important to SAMC and to our commitment to provide quality healthcare and promote wellness to those we serve.

**Patient Copy**