IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY JONES and JOSEPH ALFORD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO: 1:06-CV-585-WHA |
| ) | |
| THOMAS FLATHMANN, ) | |
| ) | |
| Defendant. ) | |

## RESPONSE TO SHOW CAUSE ORDER
## MOTION TO QUASH INSUFFICIENT SERVICE OF PROCESS
## AND MOTION TO DISMISS

COMES NOW, Thomas Flathmann, in the above-styled cause, and in response to the Order of this Court dated August 6, 2007 (Doc. #47), requiring Defendant to show cause, if any there be, on or before August 20, 2007 why the Plaintiffs' Motion for Default Judgment should not be granted, show unto the Court as follows:

1. On April 24, 2007, the undersigned talked by telephone with and prepared a letter to Richard H. Ramsey, IV, Esq., relative to Mr. Flathmann's position that the service of process upon John Sigler was insufficient service of process on Thomas Flathmann. At that time, the undersigned enclosed a copy of the Motion to Quash Service of Process and Motion to Dismiss, which was prepared but was not filed with the court. The undersigned requested that Richard Ramsey discuss

1

the insufficient service of process of Thomas Flathmann with his co-counsel Michael Guy Holton and get back with the undersigned if they insisted upon the filing of the Motion to Quash Service of Process. Attached as **Exhibit 1** is the undersigned's letter dated April 24, 2007 to Richard Ramsey as well as the drafted Motion to Quash Insufficient Service of Process and Motion to Dismiss.

2. The approach taken on April 24, 2007, was the result of another of Judge Albritton's order in this case dated August 18, 2006 (Doc. #19), where the court noted that "[l]awyers should know that simply picking up the telephone and talking to opposing counsel often saves the lawyers, their clients and the court time, effort, and expense. That should be tried before asking the court for relief." The undersigned's conversation with plaintiff's counsel Rick Ramsey and letter to him dated April 24, 2007, was an effort to follow Judge's direction.

3. On July 24, 2007 the undersigned had a conversation with Daniel Harrell, law clerk to Judge Albritton, relative to the correspondence referred to in paragraph 1 above regarding service of process and whether it was necessary to file the motion to quash insufficient service of process and motion to dismiss on behalf of Thomas Flathmann. The undersigned did not hear back from the court concerning how to proceed.

4. On August 6, 2007, Plaintiff's filed there Motion for Default Judgment (Doc. #46).

5. Defendant adopts and incorporates by reference the Motion to Quash Insufficient Service of Process and Motion to Dismiss contained herein infra., by reference as if fully set forth.

6. Because of the insufficient service of process and the Motion to Quash Insufficient Service of Process and Motion to Dismiss filed herein, Plaintiff's Motion for Default Judgment is due to be denied.

WHEREFORE, Defendants respectfully request this Court to accept the foregoing as an appropriate and adequate response to this Court's show cause order in this case.

## **MOTION TO QUASH INSUFFICIENT SERVICE OF PROCESS AND MOTION TO DISMISS**

COMES NOW, Thomas Flathmann, in the above-styled cause, and moves this Honorable Court to quash the attempted service of process in this case and to dismiss this case with regard to the defendant named within plaintiffs' complaint and in support thereof states as follows:

1. That the purported service of process on the above-named defendant was insufficient, improper and invalid and as a result this court does not currently have proper jurisdiction over said Defendant.

2. That Plaintiff's purported service of process upon Thomas Flathmann, was sent to 1272 Colony Road, Mt. Pleasant, South Carolina 29464 and was signed for by John Sigler, the father of the defendant who has never been authorized by appointment or by law to receive service of process.

3. That Plaintiffs' purported service of process upon Thomas Flathmann was not served upon Thomas Flathmann by delivery to him personally, the summons and complaint were not left at Thomas Flathmann's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein nor was the summons and complaint delivered to an agent authorized by appointment or by law to receive service of process. Service upon Thomas Flathmann, was attempted by serving the summons and complaint upon John Sigler, who was not authorized in any manner to receive service of process on behalf of Thomas Flathmann. The residence of John Sigler

3

is not and was not at the time of attempted service Thomas Flathmann's dwelling house or usual place of abode.

4. Plaintiffs' complaint fails to state a claim upon which relief can be granted against said defendant.

5. That this court lacks jurisdiction over the defendant.

6. That this cause should be dismissed on the basis of the insufficiency of the service of process as demonstrated herein.

WHEREFORE, Defendant respectfully requests this Court to dismiss this case or in the alternative, quash the insufficient service of process and require the plaintiffs to perfect service of process pursuant to Federal Rules of Civil Procedure, Rule 4.

Dated this 17th day of August, 2007.

                                          Respectfully submitted,

                                          s/Gary C. Sherrer
                                          Gary C. Sherrer
                                          Bar Number: SHE016
                                          Attorney for Thomas Flathmann

OF COUNSEL:

Sherrer, Jones & Terry, P.C.
335 West Main Street
Dothan, Alabama 36301
Phone: (334) 678-0100
Fax: (334) 678-0900
E-mail: gary@sjt-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Michael Guy Holton, Atty.<br>Fuller, Taylor, & Holton, P.C.<br>5748 Carmichael Parkway, Suite D<br>Montgomery, Alabama 36117-2020 | Richard H. Ramsey, IV, Atty.<br>Post Office Box 6595<br>Dothan, Alabama 36302 |

s/Gary C. Sherrer
OF COUNSEL