IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARY JONES and JOSEPH AFFORD,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.:1:06-cv-585-WHA |
| ) | |
| **THOMAS FLATHMANN,** ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

**COME NOW** Plaintiffs, by and through the undersigned counsel of record, and hereby submits their response to, Document 67, Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment, and, Document 66, Brief of Defendant Thomas Flathmann in Support of [Document 67] Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment, and in support thereof, states as follows;

**STANDARD OF REVIEW**

> "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. "

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  The Court in *Wright v. Newsome*, 795 F. 2d 964, 967 (11th Cir. 1986) stated "we may not . . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."   "The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party."

*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In this case the Plaintiff's are due to be viewed in a light most favorable to them.

Further, Defendants' Document 66 Motion should not be treated as a Motion to Dismiss because Defendant attached Affidavit's to the Motion, and pursuant to Rule 12 (b) Fed.R.Civ.P. the attachment of the Affidavit treats the Motion to Dismiss as a Motion for Summary Judgment. Therefore, Defendants' Document 66 should be viewed only as a Motion for Summary Judgment where application of review pursuant to Rule 56, Fed.R.Civ.P should apply.

## STATEMENT OF DISPUTED FACTS

Plaintiffs respectfully, yet vehemently, disagree that Defendant is entitled to dismissal or Summary Judgment as a matter of law. Defendant and Plaintiff's disagree as to the material facts as they occurred on the evening of January 18, 2006 and the early morning hours of January 19th, 2006. First, Plaintiff alleges that the specious search warrant Defendant is relying on is only directed to the Sheriff, Lamar Glover, and does not authorize anyone other than the sheriff to follow the directions of said search warrant. Further, the affidavit of Thomas Flathmann states on page 3 paragraph 2 that "on **January 18, 2005**, Circuit Judge Larry k. Anderson issued another search warrant for the search of the premises of 481 Harvey Hicks Road……" The material facts as alleged by Plaintiff in their Amended Complaint occurred on or about January 18, 2006. Plaintiff's allegations of January 18, 2006 have not been disputed by the affidavit of Defendant Thomas Flathmann in so much as Defendant Flathman has made allegations of circumstances that he alleges occurred a year prior to those complained of by Plaintiffs. Plaintiffs, although bearing no relevance to the instant case, denies those allegations

occurred on January 18, 2005. The only issue in Defendant's Statement of Facts is that Defendant Flathmann alleges he "was not personally or directly involved in the on-site execution of the search warrant made the basis of Plaintiff's Complaint". Thus Defendant Flathmann makes a general denial of Plaintiffs allegations as his only "fact" for purposes of Defendant's instant Motion. Assuming Defendant Flathmann is referencing the correct date of events made the basis of this suit, the seven page affidavit submitted by Defendant as support for his Motion to Dismiss and or Summary Judgment Defendant Flathmann disputes the material facts himself. Defendant in his seven page affidavit references how he entered the home of Plainitiffs and his alleged involvement "with Taser on ready", however, Defendant Flathmann in his Brief in Support of Motion to Dismiss he argues that he "was not personally or directly involved in the on-site execution of the search warrant".

  Further, Plaintiffs allege that Defendant did use unreasonable force, violate their known Constitutional rights, alarm, harass, intimidate, violate their rights to be free from unreasonable search and seizure, violate their right to be safe and peacefully enjoy their home, use excessive force, commit assault and battery, destroy personal and real property, use racial expletives, falsely imprison, and intentionally inflict emotional distress as against Plaintiffs. Plaintiffs allege both in their Amended Complaint and their Response to Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment disputed material facts providing genuine issues for trial and the trier of facts. Plaintiffs submitted with their Complaint in the above styled cause of action a copy of the "warrant".(please see "Plaintiffs' Exhibit 1" attached hereto). Plaintiffs reiterate the warrant and the execution of same is directed to Sheriff Lamar Glover, and further,

commanding Sheriff Lamar Glover to make an immediate search or otherwise execution of the warrant. The warrant does not command any other person to execute the search, it is not addressed to any other person, and in fact conveys "authority" only to the "THE SHERIFF OF SAID COUNTY". The statutory authority for the execution of a search warrant is set forth at §15-5-7, Code of Alabama, 1975 which states, "A search warrant may be executed by any one of the officers to whom it is directed, but by no other person except in aid of such officer at his request, *he being present and acting in its execution*." [emphasis added]. Sheriff Lamar Glover previously submitted to this Honorable Court that he was not present at the time of the execution of the search warrant although Sheriff Lamar Glover was the only person directed by the court to execute the warrant. (Please see affidavit of Sheriff Lamar Glover, attached hereto as "Plaintiffs Exhibit 2"). In the event that Defendant Sheriff Lamar Glover had no desire to be involved, directly or otherwise, with obtaining and executing warrants in his respective county then he should have so directed his officers, deputies, investigators, and or agents to seek warrants which would extend authority to execute to "any deputy sheriff". This simply is not the case at bar. Defendant Glover was commanded by the warrant to execute the same. Further, §36-22-3(1), Code of Alabama, 1975 states as follows;

> "It shall be the duty of the sheriff: (1) To execute and return the process and orders of the courts of record of this state and of officers of competent authority with due diligence when delivered to him for that purpose, according to law."

Granted, the undersigned counsel is well aware of the "alter ego" function sheriffs enjoy of their deputies. However, for purposes of execution of the search warrant, Defendant Glover was expressly the only person or entity ordered, commanded, and authorized to

execute the search warrant. If Defendant Glover had no involvement or knowledge, directly or indirectly, then the warrant directed to Defendant Glover commanding him to execute the same would thus render the search an unauthorized search of Plaintiffs' premises thereby making the facts and allegations of Plaintiffs' Amended Complaint sufficient for a jury to find in favor of Plaintiffs.

Plaintiffs' Amended Complaint pleads specifically those facts, averments, and or allegations as to the various Counts as against the Defendant and with such specificity so as to outweigh any tendentiously truncated contention of Defendant that Plaintiffs have filed merely a "quintessential" complaint. Plaintiffs specifically stated in their Complaint the acts and or omissions of Defendant, moreover, Plaintiffs' further support their allegations and averments herein by Affidavit. (Please see Plaintiffs' Exhibits 3 and 4, Affidavits of Mary Jones and Joseph Alford, attached hereto). Defendant's Statement of Facts in Document 67 is nothing further than the typical self serving denial of responsibility and or liability. Plaintiff disagrees with Defendant inasmuch as Defendant *was* personally and directly involved in the execution of the search warrant. The Plaintiffs have not stated "conclusory allegations," but in fact, have stated in factual detail, the facts that support their contentions that Defendant violated their constitutional rights as secured under the Constitution of the United States. This Court in *Williams v. Goldsmith, Jr.*, 905 F.Supp. 996, (M.D. Ala. 1995) stated

> [a] complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests. [internal citations omitted]. The complaint clearly recounts the facts underlying Williams's Fourth Amendment claim and specifies that his "constitutional rights" were violated. This more than meets the pleading requirements outlined above."

*Williams* at 1000.  Additionally, this Court has stated that;

> "Under this heightened pleading standard, actions against governmental officials must be pleaded:
> with sufficient precision to put defendants on notice of the nature of the claim and enable them to prepare a response and, where appropriate, a summary judgment motion on qualified immunity grounds.
> Nevertheless, the heightened standard requires "no more than that the plaintiff tell his story, relating to the pertinent information that is already in his possession."  However, the heightened standard cannot be interpreted to require a plaintiff to plead information that is outside his control.  The court is also mindful that "fundamental rights and important questions of public policy are involved in actions under the various civil rights statutes and [a court] should not dismiss the complaint unless it is frivolous or fails to state a claim for relief." *Williams v. Alabama State University*, 865 F. Supp. 789, 799 (M.D. Ala. 1994).

Additionally,  in  *Velazquez v. City of Hialeah* 2007 USCA 05-13157 (11th Cir. 2007),

the Court stated that;

> "The law of this circuit is that "'an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.'" *Skirtch v. Thornton*, 280 F.3d 1295, 1302 (11th Cir. 2002) (quoting *Fundiller v. Cooper City*, 777 F.2d 1436, 1441-42 (11th Cir. 1985); *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 924 (11th Cir. 2000). Therefore, an officer who is present at such a beating and fails to intervene may be held liable though he administered no blow. *Id.* Furthermore, in *Skirtch*, we expressly rejected the argument that "the force administered by each defendant in [a] collective beating must be analyzed separately to determine which of the defendants' blows, if any, used excessive force." 280 F.3d. at 1302.

Further, Defendant has relied on *Bell Atlantic Corp. v. Twombly,* 127 S. Ct 1955 (2007) as a basis for his motion to dismiss and or summary judgment, however, he has misinterpreted *Twombly* in that the Supreme Court states that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  Further, the Supreme Court in their opinion were referring to a conspiracy charge and the Plaintiffs have stated causes of action under the Fourth, Fifth,

Sixth, and Fourteenth Amendments of the Constitution of the United States and violations of the Code of Alabama 1975 coupled with facts that the Amended Complaint is plausible on its face and sufficient to overcome a Motion to Dismiss under Rule 8, FRCP, and under the heightened pleading standard as set out above.

## ARGUMENT

Defendant argues that he is or should be protected by the Eleventh Amendment. In *Hutton v. Sheriff Thomas Strickland*, 919 F.2d 1531 (11th Cir. 12/27/1990), the court held:

"The Supreme Court has held that the *Eleventh Amendment does not preclude suits against local governments in federal court.* Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280-81, 97 S. Ct. 568, 572-73, 50 L. Ed. 2d 471 (1977); Gamble v. Florida Dept. of Health & Rehabilitative Servs., 779 F.2d 1509, 1512-13 (11th Cir. 1986). (Emphasis Added) This court specifically has recognized that the Eleventh Amendment does not prevent an award of damages against a county. Lundgren v. McDaniel, 814 F.2d 600, 605 n. 4 (11th Cir. 1987). Included under Eleventh Amendment coverage, however, are suits where the plaintiff has not named the state as a defendant, but seeks damages that would be paid from the state treasury. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); see Gamble, 779 F.2d at 1513. In section 1983 actions, ……….sheriffs are county officials as opposed to state officials. Hufford v. Rodgers, 912 F.2d 1338, 1340-42 (11th Cir. 1990); Lundgren, 814 F.2d at 605 n. 4; see Lucas v. O'Loughlin, 831 F.2d 232, 234 (11th Cir. 1987), cert. denied, 485 U.S. 1035, 108 S. Ct. 1595, 99 L. Ed. 2d 909 (1988); see also Bailey v. Wictzack, 735 F. Supp. 1016, 1019 (M.D.Fla.1990) A suit regarding official capacity is "in all respects other than name, to be treated as a suit against the [governmental] entity," and the law governing the liability of the governmental entity under section 1983 determines the liability of the particular official. Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985); Geter v. Wille, 846 F.2d 1352, 1354 n. 1 (11th Cir. 1988), cert. denied, 488 U.S. 1043, 109 S. Ct. 870, 102 L. Ed. 2d 994 (1989). (A local government is responsible under section 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. . . ."). Not only is Sheriff Strickland a county official, but also there has been no contention in this case that a potential judgment against Sheriff Strickland in his official capacity would be paid from the state treasury rather than from county funds. Lundgren, 814 F.2d at 605 n. 4; see Travelers Indem. Co. v. School Bd., 666 F.2d 505, 509 (11th Cir.), cert. denied, 459 U.S. 834, 103 S. Ct. 77, 74 L. Ed. 2d 74 (1982). Accordingly, we

conclude that the district court properly denied Sheriff Strickland absolute immunity status."[emphasis added]

In the instant case, Defendant has made no allegations regarding treasury funds. Defendant is not entitled to hide behind a shield of absolute immunity when his acts and or omissions were so egregious and the conduct of breaking in an elderly couples home in the middle of the night wearing hoods and dark clothing exclaiming the racial explicit "NIGGER" in the dark to Plaintiffs does not give rise to a cloak of immunity that is absolute, further, Defendant has not even asserted that the state may have to expel funds from the treasury for his knowing violations.

The Defendant's argument that Defendant is absolutely immune from suit pursuant to Article V, § 112 and Article I, § 14 of the Alabama Constitution of 1901 for all violations of state law is simply a misstatement of law.  Plaintiffs agree that Deputy Sheriffs are immune under the aforementioned Articles; however, the Defendant fails to point out that there are five (5) exceptions to sovereign immunity provided to Sheriffs and deputies.  These five exceptions are:

> "(1) to compel him to perform his duties, (2*) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law*, or (5) to seek construction of a statute under the Declaratory Judgment Act if his is a necessary party for the construction of a statute."   *Armstrong v. Carter*, 1998 U.S. Dis. Lexis 3062 (S.D. Ala. 1998); *citing Parker v. Amerson*, 519 So. 2d 442, 442-43 (Ala. 1987).

The Alabama Supreme Court in *Phillips v. Thomas*, 555 So. 2d 81 (Ala. 1989) has held that a state officer or employee, such as Sheriffs and Deputies, may not escape individual tort liability by "arguing that his mere status as a state official

cloaks him with the state's constitutional immunity." *Id.* at 84; *see also, Barnes v. Dale*, 530 So. 2d 770, 781 (Ala. 1988).

Further, although Defendant claim that Article I §14 of the Alabama Constitution the Alabama provide an additional immunity, courts have clearly held that "a state officer or employee is not protected by §14 when he acts willfully, maliciously, illegally, fraudulently, in bad faith, beyond his authority, or under mistaken interpretation of the law." *Lumpkin v. Cofield*, 536 So. 2d 62, 65 (Ala. 1988); *DeStafney v. University of Alabama*, 413 So. 2d 391, 393 (Ala. 1981); *Gill v. Sewell*, 356 So. 2d 1196, 1198 (Ala. 1978). Defendant is correct in that Rule 17(b) of the Fed. Rules of Civ. Procedure gives the guidance that the state laws in which the district court sits should govern. Plaintiffs agree and further allege as in their Complaint that there was willful, malicious, illegal, fraudulent, bad faith, beyond authority, mistaken interpretation of the absolute immunity law, and/or other acts or omissions that Defendant committed.

Government officials "performing discretionary functions are shielded from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Greason v. Kemp*, 891 F.2d 829,833 (11th Cir. 1990). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Toth v. City of Dothan*, 953 F. Supp. 1502, 1507 (M.D. Ala. 1996) (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

> The qualified immunity analysis consists of two separate components: first, the government official must establish that he or she acted within the scope of discretionary authority when the allegedly wrongful acts occurred, and second, the plaintiff must demonstrate that the official's actions violated clearly established rights. *Sims v. Metropolitan Dade County*, 972 F. 2d 1230, 1236 (11th Cir. 1992). The term "discretionary

authority" includes all actions of a government official that (1) "were undertaken pursuant to the performance of his duties," and (2) were "within the scope of his authority." *Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994) (quoting *Rich v. Dollar*, 841 F. 2d 1558, 1564 (11th Cir. 1988). *D.R. v. Phyfer*, 906 F.Supp. 637,641 (M.D. Ala. 1995). In order for the Plaintiffs to prevail, "[the Plaintiffs] must show that defendants violated [their] clearly established federal rights." *Hansen v. Soldenwagner*, 19 F. 3d 573 (11 Cir. 1994). "For the law to be clearly established to the point that qualified immunity does not apply, the law must have earlier developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that what he is doing violates federal law." *D.R. v. Phyfer*, 906 F.Supp. 637,641 (M.D. Ala. 1995) (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

In *Summers*, the Plaintiff was leaving his house when a Detroit police officer entered onto his property armed with a narcotics search warrant. The officer requested that Summers assist in re-entering the home and remain while the officers searched the home. After the officers found narcotics in the home, they arrested Summers and subsequently found heroin on his person. It is unclear from the reading of this case if Summers was ordered by the officer to be handcuffed during the search. The Supreme Court found that this detention "constituted a seizure within the meaning of the Fourth Amendment." *Michigan v. Summers*, 452 U.S. 692, 696 (1981). The Supreme Court in *Summers* held that "for Fourth Amendment purposes, we hold that a warrant to search for contraband founded on probable cause implicitly carries with it the *limited authority* to detain the occupants of the premises while a proper search is conducted." [emphasis added] *Summers* at 705. The question remains what is "limited authority." The Plaintiffs aver that Defendant exceeded "limited authority" and violated their Constitutional rights when the home of the Plaintiffs was entered in the night hours without notice to the Plaintiffs that they were law enforcement officers,

additionally Plaintiffs are an elderly African American couple who were asleep in their bed and were awakened by yelling from the officers and awoke to find laser lights from guns being pointed at their heads. Plaintiffs repeatedly asked who the hooded persons were but were merely answered with racially charged responses and telling Plaintiffs to shut up and do as they were told. No one informed Plaintiffs at that time they were executing a warrant. Moreover, Defendant Flathmann remarks in his Affidavit that the executing officers used Flashlights when approaching the Plaintiffs in their bedroom. It is significantly doubtful that Defendant Flathmann and his band of unknown renegades with flashlights and laser guns pointed the flashlights at themselves to enable the Plaintiffs to easily identify the big bold letters "SHERIFF" on the officers clothing, in the dark.

Further, the Alabama courts have clearly held that "a state officer or employee is not protected by §14 when he acts willfully, maliciously, illegally, fraudulently, in bad faith, beyond his authority, or under mistaken interpretation of the law." *Lumpkin v. Cofield*, 536 So. 2d 62, 65 (Ala. 1988); *DeStafney v. University of Alabama*, 413 So. 2d 391, 393 (Ala. 1981); *Gill v. Sewell*, 356 So. 2d 1196, 1198 (Ala. 1978).

At this juncture, Plaintiffs have clearly, precisely, and accurately alleged that Defendant's actions were performed willfully, maliciously and illegally.

Further, Defendant is not a candidate for qualified immunity in that "qualified immunity shield protects government officials performing discretionary functions from civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hutton v. Sheriff*

*Thomas Strickland*, 919 F.2d 1531 (11th Cir. 12/27/1990), quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982) (emphasis added).

Defendant Flathmann has also argued that he is entitled to qualified immunity. Although, he has provided case law that is contrary to his own argument that in pertinent parts alleges that "all but the plainly incompetent or those who knowingly violate the law" reciting *Malley v. Briggs* 475 U.S. 335 (1986). Plaintiff will agree that the acts and omissions made the basis of this suit are incompetent. Further, Plaintiff addresses the *Rich v. Dollar* 841 F.2d 1558 case that Defendant references is correct in that a reasonable person should have known not to commit the egregious acts and or omissions that were committed against Plaintiffs by Defendant. However, if this court finds that the Defendant has not violated clearly established law, the Plaintiff's asserts that they can "overcome qualified immunity [] by showing that the official's conduct lies so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of case law." *Smith v. Mattox*, 127 F. 3d 1416, 1420 (11th Cir. 1997) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The failure to identify a factually similar case is not determinative on the issue of qualified immunity. *Priester v. City of Riviera Beach*, 208 F. 3d 919 (11th Cir. 2000).

Insofar as Defendant Flathmann being a sheriff, a sheriff is not given immunity for egregious acts as alleged in Plaintiffs Amended Complaint and further complained of in the instant Response. Plaintiff agrees with Defendant that "under *42 U.S.C. section 1983* for violation of their civil rights the Plaintiff must show that the injury inflicted upon them rose to the level of a constitutional violation that was so egregious that it

exceeded the boundaries that would be applied under a tort law claim." *Baker v. McCollan*, 443 U.S. 137(1979), of which Plaintiffs have shown in their Amended Complaint, the instant Response and their Affidavit testimony. Defendant Flathmann alleges that the two step process should be determined on whether or not Plaintiffs rights were clearly established, and if so was he on notice or did he have fair warning of these clearly established rights. Plaintiff's injuries began while they were asleep and their home was invaded with a specious warrant at best, then Plaintiffs were held at gunpoint being called "NIGGERS", then further Plaintiff Jones was battered, they [Plaintiffs] have suffered emotional distress from the intentional infliction by Defendant through his acts and or omissions. Further their property was damaged and their home was left in disarray as Plaintiff Jones was taken to the hospital for injuries. A clear violation is an understatement. These egregious acts and or omissions of acts clearly violated established rights of Plaintiffs and Defendant was on notice as a deputy sheriff that these acts and or omissions were unlawful. Therefore, Defendant's Motion to Dismiss or in the alternative Motion for Summary Judgment is due to be DENIED by his own agreement of relevant case law.

Defendant proclaims that he is individually protected from suit due to his "status" of carrying a badge. The Court in *Parker v. Williams*, 862 F.2d 1471, 1476 (11th Cir. 1989), held that;

> "Although Amerson is immune to suit in his official capacity, he can nonetheless be sued in his individual capacity. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). Amerson is not entitled to assert the absolute immunity of the Eleventh Amendment as a defense to actions against him in his individual capacity. *See generally Kentucky v. Graham,* 473 U.S. 159, 166-67, 105 S. Ct. 3099, 3105-06, 87 L. Ed. 2d 114 (1985)."

Plaintiff has not plead a "shotgun" pleading. Plaintiff never alleges a shot gun although in Plaintiff's Alford's affidavit Plaintiff does complain of a gun being aimed at his head while being screamed at the entire time as he continually asked Defendant to identify who was in his home. Plaintiff's Amended Complaint and all subsequent pleadings including the instant pleading details the egregious acts and or omissions of Defendant. Plaintiff has again shown in the instant pleading specific facts and circumstances given rise to all counts of the Amended Complaint. Defendant alleges that he "had a right to execute a valid search warrant". The mannerism in which the specious warrant was allegedly executed is in dispute as well as the validity of the search warrant. Defendant portrays himself to this Honorable Court that by mere issue of a badge he should be given authority to violate individuals rights and regardless of how egregious his acts and or omissions were, he should be granted immunity and not be held accountable for his acts and or omissions. Case law, both Federal and State, disagree with Defendant's contentions regarding his absolute unequivocal immunity. Although in some circumstances immunity is appropriate, in the instant case, Defendant committed egregious acts and or omissions against both Plaintiffs and should not be allowed to hide behind a cloak of a badge to allow injuries and violations of well ingrained civil rights of Plaintiffs. The Alabama Supreme Court in *Phillips v. Thomas*, 555 So. 2d 81 (Ala. 1989) has held that a state officer or employee, such as Sheriffs and Deputies, may not escape individual tort liability by "arguing that his mere status as a state official cloaks him with the state's constitutional immunity." *Id.* at 84; *see also, Barnes v. Dale*, 530 So. 2d 770, 781 (Ala. 1988).

## **CONCLUSION**

Plaintiffs have shown that Defendant can not hide behind the shield and cloak of immunity when no immunity is entitled for the egregious acts or omission of acts that were committed on Plaintiffs. Defendant continuously refers to immunity as though it were an absolute immunity barring any exception. The only substantial issue that Defendant attempts to raise in his Motion to Dismiss or in the alternative Motion for Summary Judgment is that regardless of how egregious the acts and or omission of acts that were committed upon Plaintiffs that Defendant has absolute immunity, which is invalid as shown by the above case law. The averments of Plaintiffs are supported by affidavits and clearly show that Plaintiffs can prove a set of facts sufficient that a jury could find in their favor. Plaintiffs have demonstrated herein that the immunity arguments of Defendant are without merit inasmuch as the conduct complained of rises to the level of meeting the requirements of the exceptions which deny immunity. Plaintiffs have pled with specificity those acts and or omissions in their Amended Complaint and in their Affidavits. Further, Defendant's averment that he should not be held accountable for his actions is preposterous. The Defendant's Motion to Dismiss is due to be DENIED, further the alternative pleading of Motion for Summary Judgment is likewise due to be DENIED.

**WHEREFORE, PREMISES CONSIDERED** the Plaintiffs pray that this Honorable Court DENY Defendant's Motion to Dismiss or in the alternative Motion for Summary Judgment based upon the foregoing argument and caselaw. **RESPECTFULLY SUBMITTED** this the 16th day of January, 2008.

| | |
|---|---|
| s/Michael Guy Holton_____ | s/Richard H. Ramsey_____ |
| Michael Guy Holton (HOL106) | Richard H. Ramsey, IV (RAM010) |
| Co-Counsel for Plaintiff | Co-Counsel for Plaintiffs |
| 5748 Carmichael Parkway, Suite D | P.O. Box 6595 |
| Montgomery, AL 36117 | Dothan, Alabama 36302 |
| (334) 244-0447 | (334) 792-2553 |
| gholtonattorney@bellsouth.com | RHRamsey@peoplepc.com |

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing this the 16th day of January, 2008 by electronically filing same with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the below listed counsel:

| | |
|---|---|
| Gary C. Sherrer, Esq. | Kendrick E. Webb, Esq. |
| Sherrer, Jones, & Terry P.C. | Webb & Eley, P.C. |
| 335 West Main Street | P.O. Box 240909 |
| Dothan, Alabama 36301 | Montgomery, Alabama 36124-0909 |

 

s/ Michael Guy Holton
OF COUNSEL