IN THE FEDERAL DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

| | |
|---|---|
| MARY JONES and; <br> JOSEPH ALFORD <br><br> Plaintiffs, <br><br> THOMAS FLATHMANN, DONOVAN ARIAS, and <br> MICHAEL CAMPBELL, TONY TURNER, each individually <br> and in their official capacity as deputies for the Houston <br> County Sheriff's Department, <br><br> Defendants. | ) <br> ) <br> ) <br> ) Case No.: 1:06-cv-585 <br> ) <br> ) <br> ) JURY DEMAND <br> ) <br> ) <br> ) <br> ) |

**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

**I**
**NATURE OF CASE**

1. This civil action is for actual, compensatory and punitive damages arising from the conduct of Defendants and the violation of the Plaintiffs' civil and constitutional rights not to be subjected to unreasonable and injurious searches and or seizures and to enforce the procedural protections guaranteed by the Fourth Amendment of the Constitution of the United States.

**II**
**JURISDICTION**

2. The jurisdiction of this Court is invoked under Title 28 of the United States Code, Sections 1331, 1343(a)(3); this suit being authorized by Title 42 of the United States Code, Section 1983. Further, the attorneys fees, as demanded herein, are authorized and entitled pursuant to Title 42 Section 1988 (b) of the United States Code.

## III
## PARTIES

3. Plaintiff Mary Jones, at all times material hereto, was a citizen of the United States of America and a resident of Houston County, Alabama and is over the age of nineteen.

4. Plaintiff Joseph Alford, at all times material hereto, was a citizen of the United States of America and a resident of Houston County, Alabama and is over the age of nineteen.

5. Defendant Thomas Flathmann, hereinafter referred to as "Defendant Flathmann", or Defendants was at all times material hereto, and for purposes mentioned herein, employed by the Houston County Sheriff's Department, Houston County, Alabama.

6. Defendant Michael Campbell hereinafter referred to as Defendants or "Defendant Campbell" was at all times material hereto, and for purposes mentioned herein, employed by the Houston County Sheriff's Department, Houston County, Alabama.

7. Defendant Donovan Arias hereinafter referred to as Defendants or "Defendant Arias" was at all times material hereto, and for purposes mentioned herein, employed by the Houston County Sheriff's Department, Houston County, Alabama.

8. Defendant Tony Turner hereinafter referred to as Defendants or "Defendant Turner" was at all times material hereto, and for purposes mentioned herein, employed by the Houston County Sheriff's Department, Houston County, Alabama

## IV
## FACTUAL ALLEGATIONS

6. On or about January 18, 2006 Defendants, and other deputies or law enforcement officers, while acting under color of authority of the Houston County Sheriff's

Department, did enter, remain, and destruct Plaintiffs' residence and harass, assault, seize, search and or offend Plaintiffs by intentionally entering Plaintiffs' residence on or about the late evening hours of January 18, 2006 or early morning hours of January 19, 2006 with the intent to alarm, harass, or offend Plaintiffs by conducting a search and or seizure of Plaintiffs' and Plaintiffs' residence, outbuilding(s), and automobile(s) using excessive force, intimidation, and / or harassment.

7. Defendants did, with intent to harass, offend, intimidate, and / or invoke fear or apprehension of *Plaintiffs'* safety and peaceful enjoyment of their home, forcefully and abruptly enter Plaintiffs' residence under presumed authority of a specious search warrant which fails to entitle or authorize anyone to use excessive force, and racial expletives in carrying out the purpose of the search warrant, moreover, the search warrant fails to authorize the destruction of personal and real property.(Please see "Warrant" attached hereto as Plaintiffs' Exhibit "1").

8. The "Search Warrant", Plaintiff's Exhibit 1, fails to authorize anyone other than Houston County Sheriff Lamar Glover to execute the search and or seizure.

9. Defendants destructed Plaintiffs' personal property by crashing, destroying, or otherwise demolishing the interior of Plaintiffs' residence, Plaintiffs' automobile(s), and Plaintiffs' outbuilding. (Please see photographs attached hereto as Plaintiffs' Exhibit "2").

10. Defendants while acting under assumed color of authority and during the commission of his acts of verbal and physical abuse of Plaintiffs, passionately exclaimed expletives of an offensive and racial nature, to wit: calling Plaintiffs "niggers" and physically assaulting Plaintiffs during his rampage of Plaintiffs'

residence.

11. Defendants did perform a destructive search of the real and personal property belonging to Plaintiffs and forcefully assault Plaintiffs by pushing, touching, or otherwise physically handling Plaintiffs in an offensive manner to such extent that Plaintiff Mary Jones was required to be transported to a local hospital for medical treatment of hyperventilation syndrome, panic, and / or heart malfunction caused directly by the acts or omissions of the Defendants. (Please see Discharge Instructions, Southeast Alabama Medical Center, and attached hereto as "Plaintiff's Exhibit 3").

12. At sometime on or about the evening hours or early morning hours of the dates previously stated herein Defendants forcefully entered the dwelling of Plaintiffs' without authority and abruptly and roughly awakened Plaintiffs at gunpoint in Plaintiffs' bedroom. The Plaintiffs herein allege that there were approximately 10 officers in their home and surrounding grounds outside.

13. Said search did not produce any incriminating evidence against Plaintiffs nor did the unlawful search produce any person or thing for which the Defendants was searching.

14. Plaintiffs' home, automobile(s), outbuilding(s), and surrounding area were left in complete disarray and their personal and real property destructed. The contents of the Plaintiffs' home were strewn all over the house as well the contents of Plaintiffs' outbuilding were strewn in disarray. Further, the interior of Plaintiffs' home and outbuilding were destructed to such extent as to cause Plaintiffs significant expense to repair and replace the personal property and interior portions of their home and

       outbuilding. Further, Plaintiffs' automobile(s) were damaged, destroyed, and / or destructed to such extent as to require Plaintiffs significant expense to repair.

15. At all times material hereto Defendants was employed by Houston County Sheriff's Department.

## V
## CAUSE OF ACTION

**A.** **Federal Claim: Violation of the Fourth Amendment by use of Excessive Force in while Executing a search warrant:**

16. Plaintiffs hereby re-allege and incorporate all preceding paragraphs as if fully set out herein.

17. On or about January 18, 2006, Defendants, while executing and effecting a search of Plaintiffs' property did intentionally and without just and legal cause, exceed and / or abuse their privileged authority by assaulting and battering the Plaintiffs using excessive force, unreasonable force, and / or unskillfulness in affecting the search and carrying out their ministerial duties. Any force used against the Plaintiffs was unreasonable because the situation did not call for unreasonable and or deadly force. Moreover, there was no threat of danger to the officers and any unreasonable custodial control of Plaintiffs was without justification or authority.

18. As a proximate cause of Defendants's intentional, unskilled, malicious, contumacious and careless actions or omissions, executed without legal cause, the Plaintiffs' rights as conferred upon them by the Fourth Amendment of the Constitution of the United States against the unreasonable searches and seizures and the use of excessive force in the execution thereof were violated.

19. In assaulting, harassing, and battering the Plaintiffs, Defendants violated any reasonable measure of discretionary function in carrying out the enforcement of the search warrant. Further, Defendants exceeded any authority by knowingly violating Plaintiffs' Civil Rights.

20. As a direct and proximate result of the above described knowingly, intentional, unlawful, unskilled, and malicious acts or omissions of Defendants which were committed under the presumed color of authority, and while acting in such capacity, the Plaintiffs suffered bodily harm, pain and suffering, and extreme emotional distress.

21. The Plaintiffs were the victims of force administered in a grossly disproportionate and unreasonable manner by Defendants. There was no acceptable nor plausible reason for the use of the excessive forced that was used by Defendants against the Plaintiffs.

22. As of November 9, 2001, it was clearly established in this Circuit that it is unconstitutional for law enforcement officers to violate:

   (a)    A persons Fourth Amendment right which guarantees everyone the right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, Graham v. Connor, 490 U.S. 386 (1989);

   (b)    A persons liberty against a persons Fourth Amendment right to be protected against being falsely imprisoned by government officials, Graham v. Connor, 490 U.S. 386 (1989);

   (c)    Law enforcement officers having a good faith and reasonable belief in the validity of the search warrant may nonetheless incur liability under 42 USC § 1983…

if the search warrant is executed in an unreasonable manner… <u>Duncan v. Barnes</u>, 592 F 2d 1336 (5th Cir. 1979).

**WHEREFORE** Plaintiffs demand judgment against Defendants in an amount deemed reasonable by a jury and in excess of the minimum jurisdictional limits of this Honorable Court for compensatory, actual, and punitive damages, plus attorneys fees and costs associated with the litigation and prosecution of the above styled cause of action.

### JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues and Counts contained herein.

**RESPECTFULLY SUBMITTED** this the 16th day of May, 2008.

| | |
|---|---|
| s/ Michael Guy Holton | s/Jennifer M. Holton |
| Michael Guy Holton (HOL106) | Jennifer M. Holton (DAV167) |
| Co-Counsel for Plaintiffs | Co-Counsel for Plaintiffs |
| 5748 Carmichael Parkway, Suite D | 5748 Carmichael Parkway, Suite D |
| Montgomery, AL 36117 | Montgomery, AL 36117 |
| (334)244-0447 | (334)514-6003 |
| gholtonattorney@bellsouth.net | jholtonattorney@bellsouth.net |

### CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing this the 16th day of May, 2008 by electronically filing same with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties and the below listed counsel:

Gary C. Sherrer, Esq.
Sherrer, Jones, & Terry P.C.
335 West Main Street
Dothan, Alabama 36301

                                                      s/ Michael Guy Holton
                                                      OF COUNSEL

Sworn to and subscribed before me this, the 18th day of January, 2006. _____ 3957

_____
Judge, Circuit Court, Houston County, Ala.

# SEARCH WARRANT

THE STATE OF ALABAMA,
HOUSTON COUNTY.

TO THE SHERIFF OF SAID COUNTY:

(a) Proof by affidavit having this day been made before me by Inv. Thomas Flathmann

(b) that he has probable cause to believe and does believe that a black male known as Josh whose name is otherwise unknown to affiant is in possession of Marijuana, Cocaine and US currency at 481 Harvey Hicks Rd. Ashford, Houston County, Alabama.

(c) You are therefore commanded, in the day or night, to make immediate search on the person of Josh, any vehicles and/or outbuildings on the property and in and upon the above described

(c) premises for the following property:
Marijuana, Cocaine, US Currency, and drug related paraphernalia

(d) and if you find the same or any part thereof, to bring it forthwith before me, at my office at Houston County Court House

Dated the 18 day of January 2006   2005

_____
Judge, _____ Court, Houston County, Alabama





Exhibit 2
(2 of 3)



# Southeast Alabama Medical Center
**Emergency Center**
1108 Ross Clark Circle
Dothan, AL 36302
334-793-8911

Plaintiffs
Exhibit 3

**DISCHARGE INSTRUCTIONS FOR:** Mary Jones
**FOR TODAY'S VISIT ON:** Wednesday 1/18/2006

Thank you for using Southeast Alabama Medical Center for your care today. The emergency examination and/or treatment you have received is not intended as complete medical care. For your continued care and to avoid possible complications you are advised to follow the discharge instructions.

### X-RAYS and LAB TESTS:
If you had x-rays today they were read by the emergency physician. A radiologist will also read your x-rays within 24 hours. If you had a culture done it will take 24 to 72 hours to get results. If there is a change in the x-ray diagnosis or a positive culture we will contact you. **(Make sure we have your local phone number.)** If you had an electrocardiogram (EKG) taken for emergency evaluation, it will be interpreted initially by the physician on duty in the Emergency Department. An internist will make the final interpretation.

### MEDICATIONS:
If you received a prescription for medication(s) today it is important that when you fill this you let the pharmacists know all the other medications that you are on and any allergies you might have. It is also important that you notify your follow-up physician of all your medications including the prescriptions you may receive today.

**Thanks again for using Southeast Alabama Medical Center for your treatment today. The discharge instructions for today's visit are outlined below.**

Hyperventilation Syndrome

**Special Notes:**

Follow up with your doctor for continued problems.

Everyone 65 years and older needs a flu shot every fall. Contact your doctor or county Health Department for places to get the flu shot this season. Ask about the pneumonia shot too.

In our effort to provide the highest quality of care, we ask that you respond to the survey that you will be receiving in the mail. Your feedback is very important to SAMC and to our commitment to provide quality healthcare and promote wellness to those we serve.

**Patient Copy**