## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY JONES and JOSEPH ALFORD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 1:06-cv-585-WHA |
| | ) | |
| THOMAS FLATHMANN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER

Come now Defendants, **THOMAS FLATHMANN, TONY TURNER and DONOVAN ARIAS,** (hereinafter referred to as Defendants) and for Answer to Plaintiff's Complaint, state as follows:

1.      As to Paragraph 1, Defendants deny the material allegations contained therein and demand strict proof thereof.

2.      As to Paragraph 2, Defendants assert that as this time they are without personal knowledge or information sufficient to form a belief as to the truth of said averments and as a result deny same.

3.      As to Paragraph 3, Defendants assert that as this time they are without personal knowledge or information sufficient to form a belief as to the truth of said averments and as a result deny same.

4.      As to Paragraph 4, Defendants assert that as this time they are without personal knowledge or information sufficient to form a belief as to the truth of said averments and as a result

1

deny same.

      5.      As to Paragraph 5, Defendant Thomas Flathmann was employed as a Deputy Sheriff at the time of the events alleged by Plaintiff.

      6.      As to Paragraph 6, Defendants assert that as this time they are without personal knowledge or information sufficient to form a belief as to the truth of said averments and as a result deny same.

      7.      As to Paragraph 7, Defendant Donovan Arias was employed as a Deputy Sheriff at the time of the events alleged by Plaintiff.

      8.      As to Paragraph 8, Defendant Tony Turner was employed as a Deputy Sheriff at the time of the events alleged by Plaintiff.

      9.      As to the averments in Paragraphs 6-22 and Plaintiff's prayer for relief, Defendants deny the material allegations contained therein and demand strict proof thereof.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint, or alternatively portions thereof, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any allegations of Plaintiff's Complaint not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

### THIRD DEFENSE

Plaintiff is not entitled to any award of punitive damages.

### FORTH DEFENSE

Defendants assert that cities and counties are absolutely immune from punitive damages under §1983. **City of Newport v. Fact Concerts, Inc.**, **453 U.S. 247, 271 (1981).**

### FIFTH DEFENSE

Plaintiff's are not entitled to any relief requested in the Complaint.

### SIXTH DEFENSE

There is no causal relation between the acts of the defendants and any injury or damage allegedly suffered by the Plaintiffs.

### SEVENTH DEFENSE

Defendants affirmatively aver that all of their actions were taken in good faith.

### EIGHTH DEFENSE

The allegations contained in Plaintiff's Complaint against the defendants, sued in their individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See **Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).**

### NINTH DEFENSE

Defendants affirmatively deny any and all alleged claims by the Plaintiffs concerning their alleged deprivation of civil rights.

### TENTH DEFENSE

All state claims against Defendants in their official capacity are barred because the Eleventh Amendment to the United States Constitution prohibits federal courts from hearing state law claims

3

against state officials under the Doctrine of Pendant Jurisdiction. **Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 117-121 (1984).**

### ELEVENTH DEFENSE

All federal claims against defendants in their official capacity are barred by the Eleventh Amendment of the United States Constitution. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 104 S. Ct. 900, 79 L.Ed., 2d 67 (1984).

### TWELFTH DEFENSE

In addition to Defendants' Eleventh Amendment argument, they further contend that in their official capacities they are not "persons" within the meaning of **42 U.S.C. § 1983.** The Plaintiff, by suing Defendants in their official capacity, is seeking damages from the State of Alabama. Neither a state, nor its officials, as sued in their official capacities are "persons" under **42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 109 S.Ct. 2304, 2312 (1989)** and **Hafer v. Melo, 502 U.S. 21, 22-23 (1991).**

### THIRTEENTH DEFENSE

Said Defendants assert the defense of qualified immunity. Further, said Defendants plead the privileges, qualified immunities, absolute immunities, defenses and good faith immunities given to officers of the law, governmental entities or otherwise in the above styled cause. Said Defendants state that any action taken by them was made in good faith and in the performance of their duty as Sheriff/Deputy or Sheriff Department Employee of Houston County, Alabama.

### FOURTEENTH DEFENSE

Said Defendants assert and plead the defense of substantive and State law immunity under the law of the State of Alabama.

4

## FIFTEENTH DEFENSE

Alabama law provides tort or other remedies for the allegations made by Plaintiff herein and such remedies are constitutionally adequate.

## SIXTEENTH DEFENSE

Said Defendants assert and plead sovereign immunity provided by **Alabama Constitution 1901, Article I, §14.**

## SEVENTEENTH DEFENSE

Defendants assert that the allegations within the Complaint and the facts as will be developed are insufficient to invoke the jurisdiction of this Court.

## EIGHTEENTH DEFENSE

Plaintiffs' Complaint does not allege against these Defendants a violation of rights secured by the United States Constitution.

## NINETEENTH DEFENSE

Plaintiffs' claims, separately and severally, fail to state a cause of action against these Defendants upon which relief may be granted.

## TWENTIETH DEFENSE

Defendants' assert the affirmative defense of the contributory negligence of Plaintiff.

## TWENTY-FIRST DEFENSE

Defendants' assert the affirmative defense of the assumption of the risk by Plaintiff.

## TWENTY-SECOND DEFENSE

Defendants' assert the affirmative defense of estoppel.

### TWENTY-THIRD DEFENSE

Defendants' assert the affirmative defense of waiver which constitutes an avoidance or affirmative defense in this action.

### TWENTY-FORTH DEFENSE

Defendants' deny that they breached a duty or obligation owed to the Plaintiff.

### TWENTY-FIFTH DEFENSE

In response to Plaintiff's averments of wanton conduct and claims for punitive damages, the defendants allege that:

1. Plaintiff's claims for punitive damages are prohibited by the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I Section 6 of the Alabama Constitution.

2. Plaintiff's claims for punitive damages are prohibited by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 6, 1 and 22 of the Alabama Constitution.

3. Plaintiff's claims for punitive damages are prohibited under the Contract Clause of Article I, Section 10 of the United States Constitution.

4. Plaintiff's claims for punitive damages violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution that the claims for punitive damages are vague and not rationally related to any legitimate government interests.

5. Plaintiff's claims for punitive damages violate the Sixth Amendment of the United States Constitution in that the claims for punitive damages are claims which are penal in nature, entitling the defendants to the same procedural safeguards accorded to a criminal defendant under the Sixth

6

Amendment.

6. Plaintiffs' claims for punitive damages violate the Self Incrimination Clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal in nature while the defendants are required to disclose documents and/or other evidence without safeguard against self-incrimination set out in the Fifth Amendment.

7. Plaintiffs' claims for punitive damages violate the Fifth Amendment of the United States Constitution, which prohibits deprivation of life, liberty or property except by due process of law and that the claims for punitive damages are vague and not rationally related to any legitimate government interest.

8. Plaintiffs' claims for punitive damages violate the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on Plaintiffs is less than the "beyond a reasonable doubt" standard required in criminal cases.

9. Plaintiffs' claims for punitive damages are unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property, except by due process of law, and that the punitive damages claimed are vague and not rationally related to any legitimate governments interests.

10. Plaintiffs' claims for punitive damages are unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property, except by due process of law, in that the punitive damages claimed which are penal nature, require a burden of proof on the plaintiff which is less than a "beyond a reasonable doubt" burden of proof required in criminal cases.

11. Plaintiffs' claims for punitive damages are unconstitutional under the Constitution of the

State of Alabama in that they violate Article I, Section 6, by claiming punitive damages which are penal in nature while the defendants are compelled to disclose documents and/or other evidence without a constitutional safeguard against self-incrimination.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims for punitive damages are barred by the provisions of Alabama Code (1975) §6-11-20, 6-11-21, 6-11-26 and 6-11-27.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' injuries and damages, if any, were a result or consequence of supervening, independent or intervening conduct, events or acts.

### TWENTY-EIGHTH DEFENSE

Defendants assert and plead the applicable statute of limitations as an affirmative defense in this case. Plaintiff's claims are time barred by the applicable statute of limitations.

### TWENTY-NINTH DEFENSE

The Plaintiff failed to state a cause of action against these Defendants.

### THIRTIETH DEFENSE

Plaintiff cannot establish federal law claims under 42 U.S.C. § 1983, against Defendants.

### THIRTY-FIRST DEFENSE

Plaintiff cannot recover for claims under § 1983, against defendants in their official capacities are due to be dismissed for lack of subject matter jurisdiction, as such are barred by the Eleventh Amendment to the United States Constitution.

### THIRTY-SECOND DEFENSE

Additionally, since an action under § 1983, against Defendants in their official capacities

8

is, in essence, a suit against the State of Alabama, such suit is due to be dismissed against the State pursuant to Rule 12(b)(4) and rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficiency of process and insufficiency of service of process.

**THIRTY-THIRD DEFENSE**

No facts have been alleged sufficient to state a claim against the State of Alabama

**THIRTY-FORTH DEFENSE**

Plaintiffs cannot recover under claims against Defendants in their individual capacity. Plaintiff's failed to meet the heightened pleadings standard required for § 1983 and § 1985 claims. Plaintiff fails to allege with any degree of particularity or specificity the acts or omissions of Defendants that allegedly violated Plaintiff's constitutional rights.

**THIRTY-FIFTH DEFENSE**

Further, under the facts as stated in the Complaint, Defendants, as sued in thier in official capacities, are entitled to qualified immunity from suit as any stated violation of a constitutional right was not clearly established as of January 18, 2006. Therefore, Defendants are entitled to qualified immunity from suit.

**THIRTY-SIXTH DEFENSE**

Plaintiff cannot recover under their state law claims against Defendants in their individual and official capacities.

**THIRTY-SEVENTH DEFENSE**

Defendants as Deputy Sheriffs of Houston County, Alabama, are officers of the State of Alabama are therefore is entitled to sovereign immunity as to Plaintiffs' state law claims.

9

### THIRTY-EIGHTH DEFENSE

Further, to the extent that Plaintiff seeks damages against Defendants on the basis of state law, such claims are barred by the Eleventh Amendment to the United States Constitution as such are in essence a suit against the State of Alabama.

### THIRTY-NINTH DEFENSE

Plaintiff fails to allege facts sufficient to state a claim against Defendants.

### FORTIETH DEFENSE

Defendants assert the statutory immunity provided by Act of the Alabama Legislature, designated as *Act Number 94-640*, effective April 26, 1994, and Codified as *ALA CODE § 6-5-338*, which provides absolute immunity to all peace officers and governmental units.

### FORTY-FIRST DEFENSE

Defendants are entitled to immunity under state law from the state law claims asserted by the Plaintiff.

### FORTY-SECOND DEFENSE

In the Complaint the Plaintiff alleges a claim against all Defendants under the Fourth, Amendment to the United States Constitution and under § 1983. The Complaint is a quintessential "shotgun" pleading.

### FORTY-THIRD DEFENSE

Plaintiffs cannot recover on their conclusory, unsupported, bareboned and vague allegations against Defendants unsupported by fact or law.

### FORTY-FORTH DEFENSE

The Sheriff, his deputies and other officers are state employees and are not employees of the

10

county. *Parker v. Amerson*, 519 So.2d 442 (Ala. 1987), and *King v. Colbert County*, 620 So.2d 623, 625 (Ala. 1993).

### FORTY-FIFTH DEFENSE

The Sheriff and Deputy Sheriffs are state officers and are policy makers for the State of Alabama. Under the Alabama Constitution of 1901, sheriffs are specifically designated as *state executive officials. Id. § 112 ("The executive department shall consist of a governor, lieutenant governor, attorney general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and a sheriff for each county.") "[A]n Alabama Sheriff acts exclusively for the state rather than for the county in operating a county jail." Turquitt v. Jefferson County, Ala.,* 137 F.3d 1285 (11th Circuit 1998) (en banc).

### FORTY-SIXTH DEFENSE

The United States Supreme Court in *McMillian v. Monroe County, Alabama,* 520 US 781, 793, 117 S.Ct. 1734, 1740, 138 L.Ed.2d1 (1977), unequivocally held that "Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, not their counties."

### FORTY-SEVENTH DEFENSE

Defendants assert that in this action, they are afforded absolute quasi-judicial immunity in both their individual and official capacities, as they are themselves integral parts of the judicial process, that is, officers of the court executing a facially valid search warrant as issued by Judge Brad Mendheim. Roland v. Phillips, 19 F.3d 552 (11th Cir. 1994).

### FORTY-EIGHTH DEFENSE

Defendants assert the truth as a defense in this case.

### FORTY-NINTH DEFENSE

Defendants deny that they breached a duty or obligation owed to the plaintiffs.

### FIFTIETH DEFENSE

Defendants assert that the use of force in this case "must be judged on a case-by-case basis 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" Post v. City of Fort Lauderdale, 7 F.3d 1552, 1559 (11th Cir. 1993), as amended, 14 F.3d 583 (11th Cir. 1993).

### FIFTY-FIRST DEFENSE

Defendants assert that the force used in this case was applied in a good faith effort to maintain or restore order and not maliciously and sadistically to cause harm. Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002).

### FIFTY-SECOND DEFENSE

Defendants assert that because of the plaintiff's actions the force used was proportionate to the need for that force as one or more of the plaintiff's actions posed a significant threat of physical violence and the force used was reasonably proportionate to the need for force and did not inflict any injury. Draper v. Reynolds, 369 F.3d 1270, 1278 (11th Cir. 2004).

### FIFTY-THIRD DEFENSE

Plaintiffs' Complaint does not contain sufficient allegations of an affirmative causal link between the defendants' alleged conduct and the alleged constitutional deprivation. *See* Hardin v. Hayes, 957 F.2d 845, 848 (11th Cir. 1992); and Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

12

## FIFTY-FORTH DEFENSE

Defendant's reserve the right to plead any other affirmative or other defenses which are not known to these Defendant's but which discovery may deem appropriate.

## FIFTY-FIFTH DEFENSE

Because the legal of sheriffs and deputies as state officers is to clearly established the plaintiff's Complaint is frivolous and was filed in bad faith solely for the purpose of harassment and intimidation, Defendants request this Court pursuant to *42 U.S.C. §1988*, to award said Defendant, Houston County, Alabama reasonable attorneys fees and costs incurred in the defense of this case.

Respectfully submitted this the 26th day of June, 2008.


**s/Gary C. Sherrer**
Gary C. Sherrer
Bar Number: SHE016
Attorney for above-referenced Defendants


OF COUNSEL:


SHERRER, JONES & TERRY, P.C.
335 West Main Street
Dothan, Alabama 36301
Phone: (334) 678-0100
Fax: (334) 678-0900
E-mail: gary@sherrerjones.com

13

## CERTIFICATE OF SERVICE

I, Gary C. Sherrer, hereby certify that on this 26th day of June, 2008, I electronically filed

the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:


Richard H. Ramsey, IV, Esq.          Michael Guy Holton, Esq.
P.O. Box 6595                        Jennifer M. Holton, Esq
Dothan, Alabama 36302                2779 Old Carter Hill Road
                                     Pike Road, Alabama 36064



                    s/Gary C. Sherrer
                    OF COUNSEL